[Civ. No. 42529. Second Dist., Div. Four. Oct. 31, 1973.]

BEULAH H. CHASE, Plaintiff and Respondent, v.
WILLIAM A. GLYNN, Defendant and Appellant.

**COUNSEL**

James J. McCarthy for Defendant and Appellant.

Rems & Stevenson and J. Paul Rems, Jr., for Plaintiff and Respondent.

**OPINION**

**THE COURT.**—Plaintiff has made a motion to dismiss defendant's appeal upon the ground that the notice of appeal was untimely.[1]

The following facts appear: judgment was entered March 30, 1973, and notice of entry of judgment was mailed to counsel the same day.

There was a motion for new trial, which was denied by a minute order filed May 15, 1973. Notice of entry of this order was mailed by the clerk the same day. The clerk's certificate which accompanied the motion to dismiss states simply that "said motion was denied May 15, 1973." We have examined the minute order in the superior court file. The only date it bears is May 15, 1973. There is no separate statement on the order as to the date of its entry as called for in Code of Civil Procedure section 660.[2]

■ The clerk's certificate which accompanied the motion to dismiss, together with the notice mailed by the clerk on May 15, are sufficient proof

---

[1]The California Rules of Court provide in pertinent part as follows: "Rule 2 (a) Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court . . . unless the time is extended as provided in rule 3.

". . . . . . . . . . . . . . . .

"Rule 3 (a) When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law . . . ."

[2]Code of Civil Procedure section 660 provides in pertinent part: ". . . A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of the order."

For a discussion of what constitutes "permanent minutes," see *Desherow* v. *Rhodes* (1969) 1 Cal.App.3d 733 [82 Cal.Rptr. 138].

that May 15 was the effective date of the court's ruling within the meaning of section 660, Code of Civil Procedure.

Notice of appeal was filed June 15, 1973. This notice was more than 60 days after notice of entry of judgment and 31 days after entry of the order denying the motion for a new trial. The 30-day period prescribed in rule 3 runs from the date of the entry of the order.

Counsel for defendant asks us to consider that the order denying the motion for a new trial was served on him by mail, and argues that his 30 days should run from May 16, when he received the notice. He calls attention to rule 42 which provides: "(a) When a motion to dismiss an appeal is filed prior to the filing of the record on appeal in the reviewing court, it shall be accompanied by a certificate of the clerk of the superior court setting forth the following:

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(5) The disposition of proceedings on motion for new trial, the date of such disposition, and the date of service of written notice thereof." Defendant contends that this requirement of rule 42 implies that the date of service of the notice of ruling must have some significance. To this there are two answers: First, where the date of service is material, Code of Civil Procedure section 1013 provides that service is complete at the time of mailing; further, although that section extends certain time periods which commence with a notice by mail, it also provides that such an extension is inapplicable to the time for filing a notice of appeal.

Second, rule 3 unambiguously provides that the time runs from the entry of the order; thus it is unnecessary to inquire as to the purpose of the quoted language of rule 42.

The notice of appeal was filed after the expiration of the times prescribed in rules 2 and 3, and this court has no discretion to extend the time (rule 45, subds. (c) and (e), Cal. Rules of Court). Therefore, the appeal is dismissed.

Appellant's petition for a hearing by the Supreme Court was denied December 27, 1973.