[Civ. No. 50066. Second Dist., Div. Five. Feb. 11, 1977.]

CITY OF LOS ANGELES, Plaintiff and Appellant, v.
ARTHUR R. AALBERS et al., Defendants and Appellants.

**COUNSEL**

Burt Pines, City Attorney, Lawrence M. Nagin, Assistant City Attorney, and James L. Spitser, Deputy City Attorney, for Plaintiff and Appellant.

Fadem, Berger, McIntire & Norton and Gregory M. Bergman for Defendants and Appellants.

**OPINION**

KAUS, P. J.—Motion to dismiss appeal by respondents Bushnell et al., homeowners in a condemnation case. Appellant is the City of Los Angeles.

In June 1976, a judgment in condemnation was entered and after their motion for a new trial was denied, homeowners filed a timely notice of appeal from the judgment in September 1976.

Meantime, in June, homeowners filed a memorandum of costs and disbursements. The city moved to tax costs. Homeowners moved for an award of litigation costs under Code of Civil Procedure, section 1250.410.

On August 13, 1976, after argument, the trial court granted, in part, homeowners' motion for award of litigation costs, and—also in part—granted the city's motion to tax costs. The court allowed total costs in the amount of $75,099.

October 7, 1976, the city filed a notice of appeal which reads as follows: "Plaintiff and Cross-Defendant . . . hereby appeals . . . from the Judgment In Condemnation After Trial entered in said Superior Court on June 16, 1976, in Book 7137, Page 184, to the extent said Judgment awarded Defendants and Cross-Complainants attorneys' fees in the amount of $50,000.00 and appraiser's fees in the amount of $25,000.00 pursuant to Code of Civil Procedure Section [1250.410]."

Homeowners now move to dismiss the city's appeal on the theory that California Rules of Court, rule 3(c), provides that a notice of cross-appeal must be filed within 20 days after notice of an appeal is mailed, that the clerk notified the city of homeowners' appeal on September 15, and that therefore the city's notice of appeal was two days late.

■ There is no merit to homeowner's position. Rule 3(c) has nothing to do with this case. An order determining costs is separately appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (b); 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 83, p. 4094; 4 Cal.Jur.3d, Appellate Review, § 56, p. 96.) The city's appeal was filed well within 60 days from August 13.

Homeowners' rejoinder is that the notice of appeal, although specifying that the city appeals "to the extent said Judgment awarded . . . attorneys' fees in the amount of $50,000.00 and appraiser's fees in the amount of $25,000.00," refers to the judgment entered on June 16, rather than the August 13 order after judgment.

The award under section 1250.410 of the Code of Civil Procedure is expressly part of "the costs allowed." Pursuant to Code of Civil Procedure, section 1033, the amounts were inserted "in a blank left in the judgment for that purpose, . . . " ■ The rule is well-established that an incorrectly framed notice of appeal will be construed to refer to the correct appealable order assuming that the intention of the appellant is

clear. (See Witkin, *supra,* §§ 335, 336, pp. 4312-4315.) We have no problem ascertaining the city's intention; neither, we are sure, do homeowners.

Denied.

Ashby, J., and Hastings, J., concurred.