[No. B002283. Second Dist., Div. Four. July 20, 1984.]

In re the Marriage of FRANCES A., and REUBEN RALPH KERRY.
REUBEN RALPH KERRY, Appellant, v.
FRANCES A. KERRY, Appellant.

**COUNSEL**

Montgomery & Lightfoot, Christopher L. Cockrell and Stephen K. Lightfoot for Appellant Wife.

Wehrle & Anderson and Trent G. Anderson, Jr., for Appellant Husband.

**OPINION**

**ARGUELLES, J.—** ■ ■ ■ ■ Appellant Frances Kerry (Frances), former wife of respondent and cross-appellant, Ralph Kerry (Ralph), ap-

peals from that part of an order of April 26, 1982, vacating an order entered pursuant to stipulation between the parties, which imposed a condition that she pay $1,000 in attorney fees.[1]

Ralph has cross-appealed from the whole of the April 26 order granting Frances' motion to vacate the stipulated order.

FACTS

The 25-year marriage of Frances and Ralph Kerry was dissolved in November 1970.[2] The interlocutory judgment provided that Ralph was to pay Frances $1 per year spousal support.

On December 5, 1980, Frances filed an order to show cause for modification of spousal support and attorney fees. She requested $600 per month in support and $800 in attorney fees. Her supporting declaration stated that, at the time of the dissolution, she was employed as a tenured teacher teaching elementary school and special children's classes. However, in April 1976, she became ill and was repeatedly hospitalized for about three years, which forced her retirement, disabled her, and prevented her from becoming reemployed. During this period, Ralph managed Frances' financial affairs, cashing her retirement checks, paying her expenses, and giving her an allowance. He also contributed extra money for her support, as he deemed necessary, and he insisted that Frances see a psychiatrist whom he had selected. In September 1980, Frances refused to give Ralph her retirement check, and he refused to provide any further support. Frances alleged that she was, therefore, unable to support herself on her own income or to pay her attorneys.

An income and expense declaration was attached to her order to show cause, showing Ralph with a net monthly income of $5,750 and Frances with $695, from her retirement check and rents.

---

[1] The notice of appeal, filed May 25, 1982, states that the appeal is taken from the stipulated judgment entered January 19, 1982. However, the notice of appeal also recites that Frances' motion to vacate the stipulated judgment was granted April 26, 1982, conditional in part on Frances' paying $1,000 to Ralph's attorneys, and that Frances was unable to pay the $1,000 within the time allowed. The opening brief on appeal states that the appeal is from that part of the April 26 order which made the order vacating the judgment conditional upon the payment of $1,000. Ralph also has treated the appeal as taken from that portion of the April 26 order. A notice of appeal which incorrectly designates a judgment instead of an order after an appealable judgment may be construed as an appeal from the order after judgment, when respondent is not misled. (*Los Angeles* v. *Aalbers* (1977) 67 Cal.App.3d 80, 82 [136 Cal.Rptr. 396].) Accordingly, this appeal is deemed to be from the conditional portion of the April 26 order, and the cross-appeal, as stated in the notice of cross-appeal, is from the whole of the April 26 order.

[2] This court has reviewed the superior court file in this case.

On April 22, 1981, Ralph filed a notice of motion for modification of spousal support, requesting that support for Frances be terminated on the grounds that she had wilfully left her teaching job in 1976, without justification, and that she was receiving approximately $700 per month from her retirement fund, which was sufficient for her support. Ralph also alleged that Frances was capable of part-time employment and of carrying out her duties as a teacher of retarded children and could earn up to $5,000 per year from such work without losing her retirement.

On April 29, 1981, after partial trial, a mistrial was declared and the matter was returned for assignment.

During these proceedings, Frances also sought an award of attorney fees pendente lite supported by an income and expense declaration, but a ruling on that request was deferred.

On June 4, 1981, the court ordered Frances to be examined by a member of the family law psychiatric panel, pursuant to stipulation of the parties, at Ralph's expense.

On January 19, 1982, Frances, Ralph, and their respective attorneys signed a "Stipulation re Modification," which was approved and signed by Judge Billy G. Mills and declared to be an order of the court. By the terms of this stipulation, Ralph was to purchase from Frances a house on Avenue 56 in Los Angeles, for a total price of $40,000, with $10,000 down payment and a note for $30,000, bearing 10 percent interest. Frances warranted that there were no prior liens against the property.

The stipulation further provided as follows:

"8. This Stipulation shall be carried out by the exchange of documents on such a date as is to be determined as mutually agreeable, but in no event shall said exchange take place in more then [*sic*] 30 days from the date of this Stipulation."

". . . . . . . . . . . . . . . . . . . . . . . . ."

"10. The court shall maintain jurisdiction to enforce and implement this stipulation and to award attorney fee's [*sic*] in case of a breach hereof at its discretion.

"11. Respondent [Frances] shall not allow or incurr [*sic*] any lien's [*sic*] or encumbrances to be placed on the Ave. 56 property . . . ."

The stipulation also provided that Frances was to receive a 1973 Chevrolet and the proceeds of some secured loans from Ralph; that spousal support was terminated as of the date of the stipulation; that each party "shall be responsible for their respective attorney's fees and costs"; and that "Petitioner [Ralph] shall not be responsible for any of Respondent's [Frances] attorney's fees and costs."

However, on March 3, 1982, Frances filed a motion to vacate the stipulated order and return the case to the calendar for hearing on the merits. The motion was made pursuant to Code of Civil Procedure section 473,[3] and was supported by the declaration of Frances' attorney, stating that at the time the stipulation was signed, he had believed that Frances still owned the house on Avenue 56 which she agreed to sell to Ralph. On January 21, 1982, he had learned from Frances that she no longer owned the house, having conveyed title to someone else in July 1981, before making the stipulation. He implied in his declaration that Frances' psychiatric difficulties had probably prevented her from understanding the stipulation.

A copy of the report of the family law psychiatric panel was included in the moving papers. That report indicated that Frances suffered from certain forms of mental illness and that, "Her judgment was poor, as was her impulse control." The report ruled out teaching on full-time employment, and suggested that she might be capable of low-stress, part-time work.

Neither party disputes that Frances had previously sold the property for $25,000. There also was no dispute in the moving and opposing papers that Frances was, at the time of these proceedings, a 62-year-old woman who had a history of psychiatric difficulties.

At the hearing on the motion, Frances' attorney urged that to enforce the stipulated judgment would require Frances to permanently waive her right to spousal support, without the benefit of the bargained-for sale of the Avenue 56 house to Ralph at a price inflated by $15,000. All that Frances would receive now from carrying out the stipulation would be the proceeds of a small loan from Ralph to fix up the other house in which she was living and a 1973 Chevrolet. Frances' attorney asserted that she was a "very troubled person" who "did not know what she was doing."

The court agreed, and on April 26, 1982, granted Frances' motion to vacate the stipulated judgment, on several conditions, including that she pay Ralph's attorney $1,000 within 10 days of the date of the order. On proof

---

[3]All section references hereafter are to the Code of Civil Procedure, unless otherwise stated.

to the trial judge that the conditions had been satisfied within 20 days from the date of the minute order, the stipulated order was to be vacated and the matter set for a hearing on the contested order to show cause calendar as to the spousal support originally requested by Frances.

Counsel for Frances urged in the trial court that Frances would be unable to pay the $1,000, at least within the 10 days allowed. The court announced that Frances would, nevertheless, have to pay the $1,000, because of the expense and inconvenience she had caused. In fact, the time was extended by court order on the ground that Frances needed more time to attempt to get a bank loan, but Frances never paid the $1,000.

### Frances' Contention on Appeal

Frances contends on appeal that although section 473 allowed the trial court to set aside the stipulated judgment on such terms as were "just," the imposition of the condition that Frances pay Ralph's attorney $1,000 was not "just," in that Frances was simply incapable of performing the condition and was then seeking spousal support and attorney fees for herself.

### Ralph's Contentions on Cross-appeal

Ralph contends on his cross-appeal that the trial court abused its discretion in making the April 26 order by acting without good cause in setting aside the stipulation.

### Discussion

*I. The Appeal*

The question posed by Frances' appeal is whether the trial court abused its discretion in making its order vacating the stipulated judgment conditional upon Frances paying $1,000 to Ralph's attorney within 10 days.

Frances attempts to draw an analogy between the imposition of the condition on setting aside the stipulated judgment, and the imposition of sanctions for failure to allow discovery, both of which provide that the court may make an order which is "just." She contends that the requirement that the order be "just" has been interpreted in discovery sanctions cases to mean that the sanctions order cannot place the prevailing party in a position in the overall lawsuit which it could not have attained if discovery had been provided and had been wholly favorable to the prevailing party's case. (See *Stein* v. *Hassen* (1973) 34 Cal.App.3d 294, 303 [109 Cal.Rptr. 321].)

■ In determining whether the $1,000 condition was "just" within the meaning of section 473, this court also must be guided in part by the ordinary standard for measuring an abuse of discretion.

Discretion must be exercised in a manner which is not capricious or arbitrary, but, rather, is impartial and guided by fixed legal principles. Discretion also must be exercised in conformity with the spirit of the law and in a manner which will promote and not defeat the ends of substantial justice. (*Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898 [187 Cal.Rptr. 592, 654 P.2d 775].)

■ The court's order that Frances pay $1,000 in attorney fees was an abuse of discretion under the peculiar facts of the present case, and the April 26 order must be modified.

Frances had filed her order to show cause re spousal support, requesting attorney fees from Ralph, with a supporting financial statement showing her modest income and Ralph's much greater income. Ralph's own financial statement showed an income ample to prosecute the present proceeding.

Her attorney had moved for attorney fees pending disposition of the order to show cause for spousal support, and the court deferred ruling on that motion. Such was the state of affairs when the stipulation was set aside on the condition that Frances pay $1,000 in attorney fees within 10 days.

Attorney fees during the pendency of family law proceedings are governed by Civil Code section 4370, which provides that they may be awarded "as reasonably necessary for the prosecution or defense of the proceeding . . . ."

■ Where one spouse does not have the funds available to pay attorney fees to prosecute a family law motion, the other spouse is able to pay, and the motion is made in good faith, it is an abuse of discretion to deny a request for attorney fees to the needy spouse. (See *Hunter* v. *Hunter* (1962) 202 Cal.App.2d 84, 92-93 [20 Cal.Rptr. 730].) Additionally, where wife's assets are in nonliquid form, and her liquid assets are insufficient to meet her needs for attorney fees, the nonliquid assets will not support an order denying her attorney fees. (See *In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273, 288-289 [180 Cal.Rptr. 234].)

■ There was a complete lack of evidence that Ralph was in need of an award of attorney fees from Frances. There is no statutory provision for an award of attorney fees in family law proceedings, from a needy spouse

to a nonneedy spouse, as a sanction or damages for inconveniencing the nonneedy party.

The trial court's award of attorney fees was an entirely understandable ruling given the frustration and inconvenience caused by Frances. However, under the peculiar facts of this case, where Frances' motion for spousal support and attorney fees remained undetermined, and such assets as she had were almost completely nonliquid, an order that she make an immediate payment of $1,000 in attorney fees to Ralph's attorney as a condition of obtaining a hearing on the merits of her original motions was an abuse of discretion.

## II. *The Cross-appeal*

Ralph's contention on cross-appeal, that the order setting aside the stipulated judgment must be reversed, is without merit.

An order or decree incorporating a settlement agreement may be set aside under section 473. (See *Olson* v. *Olson* (1957) 148 Cal.App.2d 479, 483 [306 P.2d 1036].)

Relief from a stipulation or a judgment pursuant to a stipulation may be granted where there is fraud, mistake of fact, or other special circumstances rendering it unjust to enforce the stipulation. (See *In re Marriage of Jacobs, supra,* 128 Cal.App.3d 273, 283, fn. 3.)

Under section 473, a mere "mistake" of fact on the part of a plaintiff or defendant, as to the state of affairs beyond the court action, can support setting aside a judgment. For example, in *Salazar* v. *Steelman* (1937) 22 Cal.App.2d 402, 409 [71 P.2d 79], plaintiff dismissed her action on a promissory note, thinking that she could foreclose on a trust deed. An order granting her motion to set aside the dismissal was upheld upon her allegation that she did not know that a prior trust deed had been foreclosed so that her trust deed was worthless.

"Excusable neglect," whether or not it is the result of "mistake," may also support setting aside an order under section 473, and the "excusable neglect" may be the result of disability. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 136, p. 3712.) For example, in *Stone* v. *McWilliams* (1919) 43 Cal.App. 490 [185 P. 478], the mere fact that a client was old, totally blind, illiterate, and unfamiliar with court proceedings, was sufficient to support setting aside a default judgment against him when he alleged that a deputy sheriff had told him he need not respond to service of the complaint.

■ The existence of some degree of mental confusion or illness of the party moving to set aside an order supports granting the motion, and the court may infer the existence of such problems from the whole record before it. (See *Karlein* v. *Karlein* (1951) 103 Cal.App.2d 496 [229 P.2d 831].)

■ Particularly when setting aside a judgment will compel a hearing on the merits, the trial court's determination of a motion to set aside a judgment under section 473 will not be disturbed on appeal absent a clear showing of abuse of discretion. (*In re Marriage of Jacobs, supra,* 128 Cal.App.3d 273, 280.)

■ Ralph's position is that Frances wished to withdraw from the stipulation due only to "seller's remorse." This contention implies that Frances merely changed her mind. The totality of the facts available from the record, and not disputed by the parties, indicates that, on the contrary, Frances was never capable of carrying out the stipulation. Since it was in her interest to carry out the stipulation, her entry into this impossible stipulation could only be reasonably explained by some kind or degree of mistake due to incapacity on her part.

There is no dispute that at the very time she was signing the stipulation and promising to sell Ralph the Avenue 56 house, she had already sold that same house to someone else for $15,000 less than she was to receive under the stipulation. Obviously, she was not attempting to get out of the stipulation for her own benefit because the stipulation was greatly to her advantage. She was asking that it be set aside because, for some reason, she had entered into a stipulation that she never could perform.

The trial court must be deemed to have inferred from Frances' behavior in entering into such a stipulation, as well as from the report of the psychiatrist from the family law psychiatric panel who examined Frances pursuant to the earlier stipulation of the parties, and the other material in the superior court file, that Frances entered into the stipulation for judgment as a result of her own mistake, excusable because of her own mental confusion.

Ralph contends on appeal that the declaration in support of the section 473 motion was inadequate because it contained only the conclusions of Frances' attorney, and was "ambiguous" and "not factual."

■ Even if the affidavit in support of a motion to vacate contains hearsay, legal conclusions or other objectionable contents, failure to object on these grounds in the trial court waives the defects, and the affidavit becomes competent evidence. (*Johns* v. *Curry* (1961) 189 Cal.App.2d 94, 98-99 [10 Cal.Rptr. 882].)

Counsel for Ralph contends that he objected to the declaration supporting Frances' motion in his written opposition. The objection was as follows:

"[T]he only supporting material . . . is a declaration by her attorney in which he states his belief that respondent [Frances] should be relieved from complying with the terms of the judgment . . . ."

"The essence of the problem with respondent's [Frances'] motion to vacate the judgment is that it is entirely unclear that respondent is actually maintaining the action . . . ."

The above is as close as Ralph's counsel came to excepting to the sufficiency of the declaration in support of Frances' section 473 motion.

At the oral proceedings on the motion to set aside the stipulated order, Ralph's attorney made no objection to the sufficiency of the declaration in support of the motion. Counsel's objections went to the lack of a showing of the merit of Frances' underlying cause (an affidavit of merit), and counsel urged that a stipulation may not be set aside under section 473. Counsel did object to the lack of a declaration by Frances herself. However, he did not object to the competence of her counsel's declaration in any more specific respects.

The attempt to raise for the first time on the cross-appeal technical objections to the declaration supporting the motion must fail. Moreover, the trial court had before it not only the moving papers on the motion, but the entire file in the action, including the psychiatrist's report, and the undisputed sale of the house, on which to base its ruling.

The present case is distinguishable from those cases, cited by Ralph, in which motions to set aside stipulated property settlements were held to be properly denied. In those cases there was no contention that wife or her counsel had been under any mistake of fact as to the nature and extent of her own property and business affairs, but rather merely had failed to discover some facts about husband's holdings. (See, e.g., *In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 489 [97 Cal.Rptr. 274].)

Additionally, there is no merit in Ralph's contention that the trial court was required to follow summary judgment procedures in deciding Frances' section 473 motion. Such a motion is normally heard on declarations. Moreover, the court had before it its own files in the matter, including the financial declarations, and the psychiatrist's report. It was not an abuse of the court's discretion to proceed without testimony. (See *In re Marriage of Jacobs, supra,* 128 Cal.App.3d 273, 287.)

### DISPOSITION

The April 26, 1982, order is affirmed, insofar as it vacates the stipulation of the parties and the January 19, 1982, order thereon.

That portion of the April 26, 1982, order which provides that relief is granted upon the condition that Frances pay to Ralph's attorney $1,000 is reversed, without prejudice to the later determination of the merits of Frances' motion for attorney fees.

Kingsley, Acting P. J., and Munoz, J.,* concurred.

A petition for a rehearing was denied August 13, 1984, and the petition of appellant Husband for a hearing by the Supreme Court was denied September 19, 1984.

---

*Assigned by the Chairperson of the Judicial Council.