[No. A027768. First Dist., Div. Four. Apr. 15, 1986.]

CITY OF LONG BEACH, Plaintiff and Appellant, v.
CROCKER NATIONAL BANK, Defendant and Respondent.

COUNSEL

James H. Seymour for Plaintiff and Appellant.

Rochelle D. Alpert and Morrison & Foerster for Defendant and Respondent.

OPINION

**SABRAW, J.**—Plaintiff City of Long Beach (Long Beach) appeals from a judgment entered after the superior court granted defendant Crocker National Bank's motion for summary judgment. We conclude that Long Beach filed an untimely notice of appeal and dismiss for lack of jurisdiction.

Long Beach brought this action as representative of a class of approximately 80 holders of checks written by States Steamship Company (States) which Crocker returned unpaid. The checks were returned because there were no funds remaining in the States checking account after Crocker set off a claim it had (an unpaid demand loan) against States. Several hours thereafter, States filed a Chapter XI reorganization petition in the United States District Court. In its action, Long Beach contended Crocker was liable to it and the other check holders, asserting that Crocker's actions violated relevant provisions of the Commercial Code. Crocker denied the allegations and later asserted that the decision in *Nautilus Leasing Services, Inc.* v. *Crocker National Bank* (1983) 147 Cal.App.3d 1023 [195 Cal.Rptr. 478], another unpaid check case arising out of the insolvency of States, was determinative of the issues in this matter.

Crocker successfully brought a motion for summary judgment based on the *Nautilus* decision. Judgment in Crocker's favor was entered on March 15, 1984. Long Beach then brought motions for a new trial (Code Civ. Proc., § 657) and to vacate the judgment (Code Civ. Proc., § 663) which were denied. Long Beach later filed a purported notice of appeal from the judgment.

By filing its two postjudgment motions, Long Beach extended the time for filing a notice of appeal from the judgment until 30 days after entry of the order denying the motions. (Cal. Rules of Court, rule 3[1]; *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 663-665 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Chase* v. *Glynn* (1973) 35 Cal.App.3d 29, 31 [110 Cal.Rptr. 566].) The order denying the two motions was entered May 18, 1984, which gave Long Beach until June 17, 1984, to file a notice of appeal from the judgment, something it did not do until June 21, 1984. It follows, therefore, that the notice of appeal was filed four days late.

Long Beach argues that the 30-day time period specified in rule 3(a) and (b) for filing a notice of appeal following denial of a motion for a new trial or to vacate a judgment should not commence running until the

---

[1]Rule 3(a) provides: "When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until *30 days after either entry of the order* denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined." (Italics added.)

Rule 3(b) provides: "When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, the time for filing the notice of appeal from the judgment is extended for all parties until the earliest of *30 days after entry of the order* denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment." (Italics added.)

opposing party first serves notice of entry of the order denying such a motion.[2] It contends that any other interpretation of rule 3 would conflict with Code of Civil Procedure section 664.5[3] which requires "the party submitting an order or judgment for entry" to "prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action." According to Long Beach, if the time for filing a notice of appeal pursuant to rule 3(a) and (b) ran from the date of entry of the order denying such a posttrial motion, the prevailing party would have no incentive to comply with section 664.5. We disagree.

Rule 2 establishes the time period following judgment within which a notice of appeal may be filed.[4] In order for the appeal period to be limited to 60 days, a notice of entry of judgment must be mailed by the clerk or served by a party, on which date the running of the 60 days commences. Under rule 3 a 30-day extension of the appeal period may be obtained if a motion for new trial or to vacate is timely filed. However the 30-day extension under rule 3 runs from the date of "entry of the order" denying the motion (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d 660, 663-665) and, unlike rule 2, does not require the mailing or service of notice of entry in order to commence running of the 30-day extension.

Under section 664.5 a prevailing party is required to serve notice of entry of an order denying a motion for new trial or to vacate a judgment but the service of such notice does not affect the starting date for the 30-day extension under rule 3. In fact, section 664.5 by its terms makes no mention of the time for appeal.[5]

---

[2]Crocker served notice of entry of the order denying the two motions on May 22, 1984.

[3]Code of Civil Procedure section 664.5 provides in relevant part: "(a) In any contested action or special proceeding in a superior court, other than a proceeding for voidable marriage pursuant to the Family Law Act . . ., the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail. . . . [¶] (c) For purposes of this section, 'judgment' includes any judgment, decree, or signed order from which an appeal lies. [¶] Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."

[4]Rule 2(a) provides: "Except as otherwise specifically provided by law, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3."

[5]Prior to 1982, it was solely the duty of the court clerk to give notice of entry of a judgment or appealable order. Section 664.5 was amended in 1981 to provide that it is the duty of the prevailing party to provide notice. (Stats. 1981, ch. 904, § 1, p. 3437; see also Stats. 1981, Summary Digest, p. 273.) But for this statutory amendment, the timeliness of Long Beach's notice of appeal would be controlled by *Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d 660, 663-665.

Contrary to the assertion of Long Beach, there is incentive for the prevailing party to obey the command of section 664.5. ██ ██ ██ The prevailing party who fails to serve notice under section 664.5 runs the risk of extending to 180 days the time for appeal from denial of a statutory motion to vacate the judgment (an appealable order)[6] even though the time for filing a notice of appeal from the judgment itself would expire 30 days after entry of the order of denial. Thus, we are unpersuaded by the argument of Long Beach that it is "only consistent and logical" that the 30-day extension on time to appeal commences when the prevailing party gives notice of entry of the denial order. ██ ██ ██ We conclude that the extension of time for filing a notice of appeal pursuant to rule 3(a) and (b) runs from *entry* of the order and not from service of notice of entry of the order.[7]

The appeal is dismissed for lack of jurisdiction.

Anderson, P. J., and Poché, J., concurred.

A petition for a rehearing was denied May 7, 1986, and on May 8, 1986, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 9, 1986.

---

[6] "A motion to vacate the judgment and enter a different judgment (C.C.P. 663) raises the same points as could be raised on an appeal from the judgment. (See *Attack on Judgment in Trial Court,* § 138.) Under the general principle mentioned above (supra, § 111) [no appeal from order denying motion to vacate judgment when grounds upon which vacation sought existed before entry of judgment], it is difficult to see any more reason for allowing an appeal from an order of denial than from an order denying a new trial. This is particularly true since the adoption of the Rules on Appeal, which give an extension of time to appeal from the judgment after denial of a motion to vacate. (Rule 3(b); see *infra,* §§ 395, 396.)

"However, despite early conflict in the decisions, it has become an established rule that an appeal lies from the denial of a *statutory motion to vacate* an appealable judgment or order, i.e., from denial of a motion made under . . . C.C.P. 663." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 114, pp. 130-131, italics in original.)

[7] We decline Long Beach's invitation to treat its notice of appeal from the judgment as a notice of appeal from the postjudgment order denying its motion to vacate. Unlike the circumstances which were present in the cases cited by Long Beach, this is not a situation in which Long Beach intended to appeal from the denial of the order but mistakenly appealed from the judgment instead. Here, the intent to appeal solely from the judgment is evidenced by the fact that Long Beach did not even refer to the denial of its motion to vacate the judgment when it summarized the proceedings below in its opening brief on appeal. (Compare *In re Marriage of Kerry* (1984) 158 Cal.App.3d 456, 460, fn. 1 [204 Cal.Rptr. 660]; *City of Los Angeles* v. *Aalbers* (1977) 67 Cal.App.3d 80, 82-83 [136 Cal.Rptr. 396]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 372, p. 374 ["[A] notice specifically describing a certain part of the judgment will not bring up the *whole judgment.* This is not a case of misdescription, but rather of a clear intention to appeal from only a part of a judgment."].)