Filed 11/18/14  Marriage of Santillan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MARIA CARMEN and JULIO CESAR SANTILLAN. | D064022 |
| MARIA CARMEN SANTILLAN, Respondent, v. JULIO CESAR SANTILLAN, Appellant. | (Super. Ct. No. EFL14212) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

J. Manuel Sanchez & Associates and J. Manuel Sanchez for Appellant.

Marcus Family Law Center, Erin K. Tomlinson, Moriel Cohen, Ethan J. Marcus and Case Y. Kamshad for Respondent.

## INTRODUCTION

Husband appeals from a court order denying his request to set aside a default and default judgment under Code of Civil Procedure section 473, subdivision (b).[1] He contends we must reverse the order because the default and default judgment were the result of surprise and excusable neglect. We conclude husband has forfeited these contentions by failing to seek relief on these grounds below. Even if he had not forfeited these contentions, we affirm the order as he failed to establish the requisite surprise and excusable neglect.

## BACKGROUND

On December 27, 2012, wife filed a petition for dissolution of her marriage to husband. The two had been married almost 31 years. On the same day, wife also obtained a temporary domestic violence restraining order against husband. The order included provisions giving her control of their home and requiring him to move out of it immediately. At a hearing on January 11, 2013, in which husband represented himself, the court granted wife a protective order effective for five years. Like the temporary restraining order, the protective order gave her control of their home and required him to move out of it immediately. At the same hearing, husband was served with wife's dissolution petition.

---

[1] Further statutory references are also to the Code of Civil Procedure unless otherwise stated.

2

On February 20, 2013, wife requested entry of husband's default.  On the same day, she filed an income and expense declaration stating she had gross monthly income of $2,168.17 and estimated monthly expenses of $2,384.98 plus monthly credit card payments of $345.  She estimated husband had a monthly income of $620.  The court entered default as requested on February 22, 2013.

On February 25, 2013, the court entered a judgment of dissolution.  In the judgment, the court reserved spousal support for future determination and made wife responsible for approximately $12,000 in credit card debts.  The court divided the marital property by awarding wife their home, the furnishings in it, two cars, 100 percent of the community interest in her retirement plan, approximately $60,000 from his 401k plan, and 50 percent of the community interest in his retirement plan.  The court awarded husband three cars, a flatbed trailer, a motor home, tools, approximately $80,000 from his 401k plan, and 50 percent of the community interest in his retirement plan.

On March 22, 2013, husband, now represented by counsel, filed a request for an order setting aside the default and default judgment under section 473, subdivision (b).[2]  In his supporting memorandum of points and authorities, husband asserted the grounds for setting aside the default and default judgment were extrinsic fraud and lack of actual notice of the divorce proceedings.  In his supporting declaration, he stated he and wife verbally agreed, on December 16, 2012, to hire an attorney to represent them both and to

---

[2]  Husband also requested spousal support, which the court later denied.  We do not address the propriety of the spousal support order because husband's opening brief does not raise any specific challenges to it.

3

file for a stipulated divorce. They also agreed to divide all of the community assets equally and to reserve the issue of spousal support. He was subsequently shocked when a sheriff's officer served him with a restraining order and evicted him from their home on January 2, 2013. He was homeless for three days afterwards until he moved in with his sister. He was also penniless because wife had deposited his monthly retirement check into her credit union account and then withdrew the entire amount.[3] He has diabetes and the situation affected his health as well as caused him to suffer from depression. He did not understand the pleadings served on him because his first language is Spanish and he was too affected by the restraining order and eviction to focus on anything else.

Wife opposed the request for relief. In her supporting declaration, she stated husband speaks English and the summons with which he was served was translated into Spanish. She did not feel comfortable hiring a joint attorney because she did not trust husband, in part because of the domestic violence she endured throughout their marriage. The judgment divided their community property evenly. She deposited his retirement check into her account because, at that point, the court's judgment entitled her to half of it and he had not yet cooperated with her to get a qualified domestic relations order issued to separate their interests. Husband's health problems have been long-standing.

---

[3]    The documents husband provided to support this statement showed the deposit and withdrawal occurred in March 2013.

The court denied husband's request for relief, finding no basis to set aside the default and default judgment. Husband sought reconsideration of the court's decision and the court reaffirmed it.

## DISCUSSION

Husband contends the court should have granted his request to set aside the default and default judgment because they were the result of surprise and excusable neglect. Husband has forfeited these contentions because he did not seek relief on either ground below. (*Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767.) Instead, he sought relief on the grounds of extrinsic fraud and lack of actual notice. Even if husband had not forfeited these contentions, we are not persuaded the court erred in denying him relief.

Under section 473, subdivision (b), a court has the discretion, "upon any terms as may be just, [to] relieve a party . . . from a judgment, dismissal, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." We will not reverse a ruling on a motion for discretionary relief under section 473, subdivision (b), absent a clear showing of abuse. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) The appropriate test is whether the court's ruling exceeded the bounds of reason considering all the circumstances before it. (*Ibid.*)

### A

Husband contends the default and default judgment were the result of "surprise" because he and wife had a verbal agreement to hire a joint attorney and file for a stipulated divorce. He further contends wife never told or hinted to him she was

5

terminating their agreement. We cannot determine from the record before us whether the agreement ever existed or whether the court made any factual finding as to its existence. Assuming the agreement's existence, it does not support the granting of relief on the ground of "surprise."

"The term 'surprise,' as used in section 473, refers to ' "some condition or situation in which a party . . . is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence would not have guarded against." ' " (*State Farm Fire & Casualty Co. v. Pietak*, *supra*, 90 Cal.App.4th at p. 611.) Whatever husband and wife may have agreed to on December 16, 2012, no ordinarily prudent person would have relied upon the agreement after wife had husband evicted from their home, obtained a five-year domestic violence protective order against him and had him personally served with a petition for dissolution. This is particularly true since the petition states on its face wife was the only client of the law firm filing it.

In fact, the record shows husband surmised he could not rely upon the agreement well before he was served with the dissolution petition. He stated in his declaration, "On January 2, 2013 I was shocked and taken aback by the fact that my wife sent a sheriff to our home for the purpose of serving me with a restraining order and evicting me from our home. This was a 360 degree turn in the opposite direction of what my wife and I had discussed. *She obviously had no intentions of respecting the terms of our agreement and resolving our divorce amicably.* I was fooled into thinking this so she could take advantage." (Italics added.)

6

"It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied." (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513.) As husband has not shown he exercised reasonable diligence to avoid the default and default judgment, husband has not established the court exceeded the bounds of reason by denying him relief on the ground of surprise.

B

Husband alternatively contends the default and default judgment were the result of excusable neglect because he was suffering from a physical disability (diabetes) and mental disability (major depression) when they occurred. " 'Excusable neglect' is generally defined as an error ' " 'a reasonably prudent *person* under the same or similar circumstances might have made.' " [Citation.]' " (*Ambrose v. Michelin North America, Inc.* (2005) 134 Cal.App.4th 1350, 1354, citing *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) Excusable neglect may result from a disability. (*In re Marriage of Kerry* (1984) 158 Cal.App.3d 456, 465.)

In this case, the only evidence related to husband's purported disabilities is contained in the following two sentences from his declaration: "I am a diabetic and this whole situation has affected my health. As a result I have also begun suffering from depression." While this evidence might demonstrate husband has disabilities, it does not

7

demonstrate husband's disabilities were debilitating or otherwise actually prevented him from taking reasonable steps to protect his interests in this matter. (*Wilterdink v. Wilterdink* (1947) 81 Cal.App.2d 526, 531-532; *Elms v. Elms*, *supra*, 72 Cal.App.2d at p. 513 [a person may not obtain relief from a default unless he demonstrates his excusable neglect was the actual cause of the default].)

Presumably aware of this evidentiary gap, husband points to other statements in his declaration to bolster his position. Specifically, he stated in his declaration, "My original first language is Spanish and I am unfamiliar with legal terms so I could not understand any of the pleadings that were served on me. This coupled with the fact that I was severely affected with being served with a restraining order and evicted, I could not focus on anything else that was happening."

We find these statements unavailing. Not only are they untethered to any of husband's claimed disabilities, but they describe a rather typical reaction under the circumstances. Were we to hold a litigant faced with typical litigation stresses could rely on those stresses to excuse him from taking reasonable steps to protect his interests in the litigation, we would create the proverbial exception that swallowed the rule. We, therefore, conclude husband has not shown the court exceeded the bounds of reason by denying him relief on the ground of excusable neglect.[4]

---

[4] Given our conclusions, we need not address husband's contention denial of relief resulted in a miscarriage of justice.

DISPOSITION

The order is affirmed.  Respondent is awarded costs on appeal.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


AARON, J.