Filed 1/7/15  Uldricks v. Blye CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| JEFFREY L. ULDRICKS, | |
| Plaintiff and Respondent, | C072133 |
| v. | (Super. Ct. No. SCV0029106) |
| JUDY BLYE et al., | |
| Defendants and Appellants. | |

Jeffrey Uldricks acquired an interest in a condominium owned by Warren and Judy Blye.[1]  Uldricks subsequently sued the Blyes to recover money he paid to prevent a foreclosure on the condominium.  The Blyes did not appear at trial and Uldricks obtained a judgment against them.  Two months later, the Blyes moved to set aside

---

[1]   When referring to the Blyes individually, we will use their first names for clarity.

the judgment pursuant to Code of Civil Procedure section 473, subdivision (b), claiming that Judy's poor health prevented them from traveling from their home in Hawaii to Placer County for trial. The Blyes also claimed they were unable to retain new counsel after their original counsel withdrew. The trial court denied the motion to set aside the judgment, ruling that the Blyes failed to explain their two-month delay in seeking relief from the judgment and failed to make a sufficient showing of mistake, inadvertence, surprise, or excusable neglect.

The Blyes now contend the trial court abused its discretion in denying their motion to set aside the judgment. Finding no abuse of discretion, we will affirm the judgment.

BACKGROUND

The Blyes are residents of Hawaii but jointly own property in California. Uldricks had a prior judgment against Warren in Hawaii which was domesticated in California. In an attempt to partially satisfy the judgment, Uldricks executed on the Blyes' condominium in Laguna Hills, California, and obtained Warren's interest in the property at a sheriff's sale. After acquiring the interest, Uldricks learned that the Blyes were in default on their mortgage and homeowners' association dues. Uldricks paid more than $60,000 to protect his interest in the property and brought the present action to recover from the Blyes approximately half of that amount. The Blyes answered the complaint through their counsel, Geoffrey O. Evers, and the trial court set trial for April 16, 2012.

Uldricks propounded discovery and then filed a motion to compel. The Blyes served discovery responses by mail just days before the hearing, such that Uldricks did not receive them until the eve of the hearing. The trial court sanctioned the Blyes $3,000.

Attorney Evers filed a motion to be relieved as the Blyes' counsel on March 13, 2012. In the motion, Evers explained: "Defendants Warren E. and Judy C. Blye have been and continue to be unresponsive to numerous attempts at communication, discussion and/or assistance with the discovery process and now trial preparation. The failure to respond to counsel's letters, telephone messages and other communications resulted in

2

the court granting motions to compel discovery and as well awarded attorney fees because of [the Blyes'] failure to provide discovery responses in a timely manner. Since the date of the hearing wherein the motions to compel were granted, defense counsel has contacted [the Blyes] by telephone leaving messages on four separate occasions. As well, defense counsel has forwarded to [the Blyes] written communications by U.S. Mail and by certified mail on five separate occasions since January 20, 2012. [¶] More specifically, defense counsel sent letters to the [Blyes] on January 20, 2012, February 9, 2012, February 24, 2012, February 29, 2012, and March 2, 2012. In both the February 29th and March 2nd letters, [the Blyes] were advised that if communication did not increase . . . that current counsel, Geoffrey O. Evers, would seek to recuse himself as counsel by way of a motion brought before this court. [¶] . . . [O]ther than one telephone call following the January 20th letter when Defendant Warren E. Blye advised me that he would think about the letter and get back to me, no further communication has been directed to defense counsel by [the Blyes]."

The Blyes did not respond to attorney Evers's motion to be relieved as counsel, which appears to have been properly served on them. The trial court granted the motion on March 29, 2012.

The trial proceeded as scheduled on April 16, 2012. The Blyes did not communicate with the trial court or Uldricks's counsel leading up to the trial and they did not appear for trial. The trial court entered judgment in favor of Uldricks in the amount of $37,076, consisting of one-half of the money that Uldricks paid to prevent foreclosure, plus prejudgment interest in the amount of $3,003, the $3,000 discovery sanction, and costs in the amount of $625. Notice of entry of judgment was served the next day.

The Blyes retained new counsel, Allen Ostergar, who filed a motion to set aside the judgment two months later, on June 18, 2012. The motion asserted that the Blyes were unable to travel from their home in Hawaii to Placer County for trial due to Judy's

3

poor health, and the Blyes' original attorney withdrew from the case two weeks prior to trial, "leaving the Blyes to fend for themselves."

The motion was accompanied by a declaration from Judy stating that she suffers from chronic obstructive pulmonary disease, emphysema, a herniated disc, and anxiety, all of which made her "unable to travel to California for trial." Judy's declaration also stated: "Our prior attorney in this matter resigned just before trial. My husband Warren and I were not sure what to do. I have not been able to work for 9 years due to my health condition and Warren is retired making our finances extremely limited." Judy's declaration added that the Blyes' current counsel, Allen Ostergar, "agreed to represent us a few days ago."

The Blyes' motion was also accompanied by a declaration from Judy's physician, Dr. Anne Biedel. In her declaration, Dr. Biedel stated that she has been treating Judy "for approximately five years," noting that Judy has suffered from chronic obstructive pulmonary disease "[f]or at least the past three years" and a herniated disc in her neck "[f]or the past several years." Dr. Biedel concluded: "In light of [Judy's] health condition, it is not advisable that she travel to the mainland and this has been so for the past several years."

The Blyes' motion was also accompanied by a declaration from Warren, stating he was unable travel to Placer County to attend the trial due to Judy's health condition, which requires him to serve as primary caregiver to the Blyes' minor son. In addition, Warren's declaration stated: "About two weeks prior to trial in this case, our prior attorney withdrew as counsel and we were left without representation. [¶] We were not sure what to do at that point and did not have the finances necessary to retain counsel on such short notice for trial. [¶] . . . [¶] We have attempted to retain other counsel but were unable to do so until a few days ago when Allen Ostergar, a family friend, thankfully agreed to represent us."

4

There is no indication in the Blyes' motion to set aside the judgment or the accompanying declarations that prior to trial, the Blyes informed their original attorney or opposing counsel that they could not travel or appear for trial.

The trial court heard oral argument on the motion to set aside the judgment on July 19, 2012. During the hearing, the trial court noted that the Blyes' new counsel had a preexisting personal relationship with the Blyes and asked him: "Why didn't [the Blyes] contact you for two months after they had notice of the judgment? And whatever those reasons may be, why aren't I told those in the declarations?" The Blyes' new counsel responded, "I was contacted about a week before and we filed our motion." He did not provide any explanation for the Blyes' delay in contacting him.

The trial court then discussed attorney Evers's prior motion to be relieved as counsel. After reading portions of Evers's declaration aloud, and paraphrasing the rest, the trial court observed: "[E]ven before, well before the trial date, the Blyes weren't cooperative in this matter. To that is added what is referenced in the Court's tentative ruling which is to say that they had notice of the entry of judgment very soon after it occurred and there's no adequate explanation having been uncooperative with their attorney before the trial and then unresponsive to the notice of entry of judgment for two months afterward. I think that it's plainly clear that that demonstrates a lack of diligence and is not appropriate."

The trial court denied the motion, stating: "[The Blyes'] Motion to Set Aside Default Judgment is denied as [the Blyes] have failed to make a sufficient showing of mistake, inadvertence, surprise, or excusable neglect pursuant to [Code of Civil Procedure section 473, subdivision (b)]. Further, the [Blyes] have failed to make a sufficient showing to explain the two month delay in bringing the current motion before the court."

DISCUSSION

The Blyes contend the trial court abused its discretion in denying their motion

5

to set aside the judgment. We disagree.

Code of Civil Procedure section 473, subdivision (b)[2] provides in pertinent part that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect," provided relief is sought "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." The burden of proof in demonstrating circumstances justifying relief under section 473, subdivision (b) falls on the party seeking relief. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.)

"As the discretion to grant or deny a Code of Civil Procedure section 473, subdivision (b) motion is soundly vested in the trial court, we may only disturb its ruling by finding that the court abused its discretion." (*Conservatorship of Buchenau* (2011) 196 Cal.App.4th 1031, 1038.) However, any doubts in applying section 473 must be resolved in favor of the party seeking relief because the policy underlying section 473 favors disposition on the merits. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.) An order denying a motion for relief under section 473 is therefore " 'scrutinized more carefully than an order permitting trial on the merits.' [Citation.]" (*Id.* at pp. 1419-1420.)

"Ordinarily, a party seeking relief under section 473 from a judgment, order or other proce[e]ding has the double burden of showing (1) diligence in making the motion after discovering its own mistake, and (2) a satisfactory excuse for the occurrence of that mistake. [Citation.]" (*Billings v. Health Plan of America* (1990) 225 Cal.App.3d 250, 255.) To determine whether the mistake or neglect was excusable, "the court inquires whether 'a reasonably prudent person under the same or similar circumstances' might

---

**2**     Undesignated statutory references are to the Code of Civil Procedure.

have made the same error." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276.) We conclude the trial court did not abuse its discretion in ruling that the Blyes failed to carry their "double burden."**3**

First, it was not an abuse of discretion to conclude that the Blyes failed to establish diligence in seeking relief from the judgment. The Blyes waited two months to bring their motion. They explained the delay by claiming they were unable to promptly retain new counsel for financial reasons. However, the trial court was not required to set aside the judgment based on the Blyes' claimed lack of resources. (See *Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 806 ["in exercising its discretion the trial court may properly take into consideration a defendant's lack of funds to obtain counsel in determining whether a motion to set aside a default was brought within a reasonable time; however, lack of funds does not, as a matter of law, require the setting aside of the default"].) Furthermore, the Blyes offered no explanation for their failure to contact attorney Ostergar, who was described as a family friend, for nearly two months. Nor did they describe any of their other efforts to retain counsel.

In addition, attorney Evers's motion to be relieved as counsel states that the Blyes failed to communicate with him for weeks, making it impossible for Evers to prepare for trial. Although the Blyes now dispute that they had only one communication with Evers after January 20, 2012, they did not oppose Evers's motion and did not provide any contrary evidence in response to that motion. Under the circumstances, it was not unreasonable for the trial court to conclude that the Blyes' need for new counsel was

---

**3**   Prior to 1981, a party moving for relief from default under section 473 was also required to show that the case or defense was meritorious. (*Uriarte v. U.S. Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 789.) In 1981, the Legislature amended section 473 "to specifically provide that no affidavit or declaration of merits need be provided by a party moving for relief thereunder." (*Ibid.*; former § 473, as amended by Stats. 191, ch. 122, § 2.) Thus, the existence of a possibly meritorious defense is irrelevant to the present appeal, and we shall not address the parties' arguments on that point.

itself the result of a lack of diligence, and not an adequate excuse for the Blyes' failure to seek relief from the judgment sooner. Accordingly, although a two-month delay is not necessarily unreasonable, the trial court did not abuse its discretion in ruling that the Blyes failed to make a sufficient showing to explain or excuse their delay in seeking relief from the judgment.

Second, it was not an abuse of discretion to conclude that the Blyes failed to establish mistake, inadvertence, surprise, or excusable neglect pursuant to section 473, subdivision (b). The Blyes contend "the judgment should have been set aside on the grounds of inadvertence and excusable neglect" because (1) attorney Evers withdrew two weeks before trial, and (2) Judy's poor health prevented them from traveling to Placer County. But the Blyes have not met their burden under section 473.

The Blyes claim they were "left attorneyless two weeks before trial." According to the record, however, that was because the Blyes were not diligent in communicating with their original attorney. As we have explained, although the Blyes now dispute that they had only one communication with Evers after January 20, 2012, they did not oppose Evers's motion to withdraw and did not provide any contrary evidence or make any specific request in response to that motion. Accordingly, the record supports the trial court's conclusion that the Blyes did not cooperate with Evers. In any event, there is no evidence that the Blyes tried to communicate with opposing counsel after their attorney withdrew, or sought a continuance or accommodation prior to trial. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 [" 'It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied. [Citation.]' "].) Although the Blyes generally aver that they "were not sure what to do," that, by itself, does not establish reasonable diligence.

8

The Blyes also claim that Judy's poor health prevented them from traveling to Placer County for trial. A showing of excusable neglect may be based upon the disability of the party moving for relief under section 473. (*In re Marriage of Kerry* (1984) 158 Cal.App.3d 456, 465 [party entered into stipulation due to mental illness]; *Kesselman v. Kesselman* (1963) 212 Cal.App.2d 196, 207-208 [party not capable of understanding legal proceedings due to post-stroke mental deterioration].) However, to establish excusable neglect on the basis of disability, the moving party must show that the disability caused the party's failure to act. (See, e.g., *Transit Ads, Inc. v. Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 279 [excusable neglect must be the actual cause of the default]; *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 909 [defendant failed to show that her medical condition prevented her from responding to the complaint]; see also *Bellm v. Bellia* (1984) 150 Cal.App.3d 1036, 1038 [defendant failed to show that parents' illnesses and deaths prevented him from responding to the complaint].)

The Blyes submitted evidence regarding Judy's poor health and the obstacles to travel, but their declarations do not establish that Judy's health condition prevented the Blyes from communicating with their original counsel or Uldricks' counsel, or prevented them from quickly seeking new counsel or requesting a continuance or accommodation in an effort to avoid entry of judgment.

The Blyes argue they were only required to produce "very slight" evidence to carry their burden under section 473, subdivision (b), because Uldricks would suffer no prejudice from an order setting aside the judgment. However, that is not a sufficient basis to set aside the judgment if the Blyes failed to exercise diligence. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 900 [where there is inexcusable neglect, the law does not permit setting aside a judgment simply because the other side has not been prejudiced].) In addition, the trial court could reasonably conclude that the Blyes failed to present even "very slight" evidence of mistake, inadvertence, surprise, or excusable neglect. We have reviewed the Blyes' declarations and note that they fail to set forth any

9

specific details that would explain or excuse their insufficient communication.  In any event, we are not convinced that Uldricks would suffer "no prejudice" if the judgment were set aside.  Uldricks appeared for trial and incurred approximately $2,000 in attorneys' fees in connection with the trial.  The trial court could reasonably conclude that Uldricks would be prejudiced if required to go to trial a second time.

The trial court did not abuse its discretion in denying the Blyes' motion to set aside the judgment.

## DISPOSITION

The judgment is affirmed.  Uldricks shall recover his costs on appeal.


       MAURO       , Acting P. J.


We concur:


       MURRAY       , J.


       HOCH       , J.