[No. A039913. First Dist., Div. Three. Nov. 30, 1988.]

MORT HOWARD, Plaintiff and Appellant, v.
TERRY LUFKIN et al., Defendants and Respondents.

**299**

## COUNSEL

Robert L. Chazin for Plaintiff and Appellant.

William R. Pedder for Defendants and Respondents.

## OPINION

**MERRILL, J.**—Plaintiff Mort Howard (Howard) filed an appeal from a judgment of declaratory relief respecting a written contract and from an order denying his motion to vacate the judgment. Defendants Terry Lufkin and James Howard (collectively referred to as Lufkin) moved to dismiss Howard's appeal, contending that the notice of appeal from the judgment was not timely filed and that no appeal lies from the order denying the motion to vacate the judgment. We have determined that while Howard's appeal from the judgment must be dismissed for untimely filing, his appeal from the order denying the motion to vacate the judgment still lies.

### DISCUSSION

Judgment was entered on February 5, 1987, and on July 28, 1987, Howard filed a motion for new trial and a motion to vacate the judgment. Both motions were denied on September 2, 1987, and Howard's notice of appeal was filed September 10, 1987.

*Appeal from the judgment*

 There is no question that Howard filed an untimely appeal from the judgment. Rule 2(a) of the California Rules of Court,[1] governing the timely filing of notices of appeal, provides in part: "[A] notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil

---

[1] All further rule reference is to the California Rules of Court.

Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, *or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3.*" (Italics added.)

As the record reveals that a notice of entry of judgment was not mailed to, or served upon, the parties in this case, the 180-day time limit is applicable. Howard's September 10, 1987, notice of appeal was filed 217 days after the February 5, 1987, entry of judgment. Thus his appeal from the judgment is untimely.

Neither was the time to file an appeal from the judgment extended by Howard's posttrial motions, filed July 28, 1987. Pursuant to rules 3(a) and 3(b), the time for filing a notice of appeal from the judgment may be extended by the filing of a motion for new trial or a motion to vacate the judgment. However, under this rule, in no event may the time for filing a notice of appeal from the judgment be extended beyond 180 days after the date of entry of the judgment. Accordingly, we dismiss the appeal from the judgment.

*Appeal from denial of motion to vacate the judgment*

■ Lufkin next contends that the appeal from the order denying Howard's motion to vacate the judgment must be dismissed because it is an appeal from a nonappealable order. ■ ■■ ■ ■ Howard argues that his appeal lies in that his motion falls into the category of exceptions for statutory motions to vacate, pursuant to Code of Civil Procedure section 663.[2, 3] We agree with Howard and deny the motion to dismiss insofar as it relates to his appeal from the trial court's denial of the motion to vacate the judgment.

■ With limited exceptions, the denial of a motion to vacate a judgment is nonappealable. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 111, p. 128.) The rationale for this rule, where the underlying judgment or order is appealable, is that two appeals from the same judgment should not be

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[3] Lufkin additionally contends that Howard's motion was not a true motion to vacate the judgment as the notice of motion prayed for an order altering and amending the judgment and made no reference to section 663. However, it appears that in the proceedings below the parties treated it as a motion to vacate the judgment; and the relief being sought by the motion is provided for under section 663. Also, the trial court seemed to so find, as the court's minute order indicates that the ruling was on a motion to vacate the judgment and enter a new judgment. Therefore, we conclude that a motion to vacate the judgment was properly before the lower court, and that it is a section 663 motion that is at issue in this appeal.

permitted. Where the underlying judgment or order is nonappealable, allowing an appeal from the denial of a motion to vacate judgment would in practical effect make the nonappealable judgment or order appealable. (*Op. cit. supra,* at pp. 128-129.) However, under a long line of cases, courts have created an exception to this rule of nonappealability for motions to vacate a judgment pursuant to section 663, termed a "statutory motion." (See *Socol* v. *King* (1949) 34 Cal.2d 292, 296-297 [209 P.2d 577]; *City of Long Beach* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1114, 1118, fn. 6 [225 Cal.Rptr. 227]; *Domarad* v. *Fisher & Burke, Inc.* (1969) 270 Cal.App.2d 543, 547, fn. 1 [76 Cal.Rptr. 529]; *American Machine & Foundry Co.* v. *Pitchess* (1968) 262 Cal.App.2d 490, 491, fn. 1 [68 Cal.Rptr. 814]; *Polk* v. *Polk* (1964) 228 Cal.App.2d 763, 768, fn. 1 [39 Cal.Rptr. 824]; *Sinclair* v. *Baker* (1963) 219 Cal.App.2d 817, 820 [33 Cal.Rptr. 522], cert. den. and app. dism. (1964) 377 U.S. 215 [12 L.Ed.2d 292, 84 S.Ct. 1225]; *Iacovitti* v. *Fardin* (1954) 127 Cal.App.2d 348, 356 [273 P.2d 926]; *Douglas* v. *Westfall* (1952) 113 Cal.App.2d 107, 114-115 [248 P.2d 68].)

Section 663 provides that a judgment may be set aside or vacated and a new judgment entered on the ground of an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; . . ." Witkin has commented that "it has become an established rule that an appeal lies from the denial of a *statutory motion to vacate* an appealable judgment or order, i.e., from denial of a motion made under . . . C.C.P. 663. [Citations.]" (9 Witkin, Cal. Procedure, *supra,* Appeal, § 114, at pp. 130-131.) In *Socol* v. *King, supra,* 34 Cal.2d 292, citing a long line of authority, the Supreme Court held the denial of a section 663 motion is appealable as a special order after final judgment pursuant to former section 963.[4] Like the instant case, the *Socol* court found the order denying a motion to vacate the judgment to be appealable even though the appeal from the judgment was untimely. (*Socol* v. *King, supra,* 34 Cal.2d at pp. 296-297.) Our Supreme Court stated: "It will be noted that section 663a provides for an appeal from an order granting such a motion, but is silent on the subject of an appeal from an order of denial. Accordingly, it might be contended that it was not intended to provide for an appeal in such case, under the general rule that there can be no appeal from an order of denial of a motion to vacate when the same grounds are available on an appeal from the judgment. It was so held in *Modoc Cooperative Assn.* v. *Porter,* 11 Cal.App. 270 . . . , a case strongly relied upon by respondent. The later decisions, however, have established the rule that an order of denial of a motion to vacate under section 663 is appealable, notwithstanding that the same grounds could be urged on an appeal from the judgment. [Citations.]"

---

[4] The current enactment, section 904.1, provides in part that an appeal may be taken "(b) [f]rom an order made after a judgment made appealable [herein]."

(*Id.*, at pp. 296-297.) This principle was again confirmed by our Supreme Court in *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 663 [125 Cal.Rptr. 757, 542 P.2d 1349].

Contrary to this precedent, in *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 890 [151 Cal.Rptr. 285, 587 P.2d 1098], our high court pronounced "the purported appeals from the orders denying the motion to set aside and vacate the judgment and enter a new and different judgment and the motion for a new trial on all issues must also be dismissed, *said orders being nonappealable*; . . ." (*Ibid.*, italics added.) However, this statement may be characterized as dicta inasmuch as earlier in the opinion, the *Clemmer* court considered and affirmed the trial court's order denying the section 663 motion to vacate the judgment. (*Id.*, at p. 888.) Witkin concurs: "The procedural step had no significant effect, for the issues involved were fully reviewed on an appeal from the judgment and from an order granting a limited new trial." (9 Witkin, Cal. Procedure (1988 supp.) Appeal, § 114, p. 16.)

Additionally, the precedential value of *Clemmer* is doubtful. Without discussion of the established rule, and in a statement superfluous to the opinion, the court contradicted a long standing judicially created rule of civil procedure. We have found no case following *Clemmer* on this point. Accordingly, in deciding the appealability of the order herein, we attribute little weight to *Clemmer's* pronouncement. In discussing another subject our Supreme Court has stated, "The summary and conclusory nature of the decision of the issues . . . , virtually devoid of reasoning, undermines its status as substantial authority." (*City of Berkeley* v. *Superior Court* (1980) 26 Cal.3d 515, 533 [162 Cal.Rptr. 327, 606 P.2d 362], cert. den. *sub nom. Santa Fe Land Improvement Co.* v. *City of Berkeley* (1980) 449 U.S. 840 [66 L.Ed.2d 48, 101 S.Ct. 119].)

*Clemmer's* statement was described as being "incongruous" by the recent opinion in *Forman* v. *Knapp Press* (1985) 173 Cal.App.3d 200, 202 [218 Cal.Rptr. 815]. While the *Forman* court found it unnecessary to decide the issue, it noted that after *Clemmer's* ruling "a perplexing question of stare decisis" is presented by an appeal from an order denying a section 663 motion to vacate. The Second Appellate District observed that, beginning with the *Socol* opinion, the denial of a motion to vacate the judgment pursuant to section 663 has been held appealable. (*Forman* v. *Knapp Press, supra,* 173 Cal.App.3d at p. 202, citing *Socol* v. *King, supra,* 34 Cal.2d at pp. 296-297.) The court also noted that the confusion created by *Clemmer's* ill-reasoned statement has been heightened by recent citation in a practice text to *Clemmer* for the proposition that denial of a section 663 motion is

nonappealable. (*Id.,* citing Cal. Civil Appellate Practice (Cont.Ed.Bar 1985) § 7.34, p. 196.)

■■■ Howard's motion asserting that the decision was against the law and requesting relief that "[t]he judgment heretofore entered should be vacated and a new judgment, . . . entered in its place," clearly is a motion to vacate judgment under section 663. ■■ ■■ ■■ ■■ In applying the well-settled principle that denial of a statutory motion to vacate judgment is an appealable order, we have determined Howard's appeal of such order may be maintained.[5] Our dismissal of the appeal from the judgment does not foreclose the appeal from the denial of the motion to vacate.

### DISPOSITION

The motion of respondents Terry Lufkin and James Howard to dismiss the appeal of appellant Mort Howard is granted as to the appeal from the February 5, 1987, judgment only. The motion to dismiss appellant Mort Howard's appeal from the order denying the motion to vacate the judgment is denied. The parties shall bear their own costs on appeal.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied December 29, 1988.

---

[5] We also find no merit in Lufkin's contention that the motion to vacate judgment was untimely filed. Section 663a provides filing and service of notice of intention to move to vacate must be: "1. Before the entry of judgment; or [¶] 2. Within 15 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, *or within 180 days after the entry of judgment,* whichever is earliest. . . ." (Italics added.) Lufkin's argument, that the 15-day time limit applies, fails. As we have stated, notice of entry of judgment was not mailed or served in this case. Neither was the clerk of the court required to mail such notice under section 664.5. Under subdivision (b) of that statute, the clerk is required to mail notice of entry of judgment in municipal or justice court proceedings only. Thus, Howard's motion, filed within the 180-day period, was timely.