[No. B052715. Second Dist., Div. Seven. Oct. 10, 1991.]

DONALD LIPPMAN et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Gronemeier & Barker and Dale L. Gronemeier for Plaintiffs and Appellants.

James K. Hahn, City Attorney, Julie P. Downey, Assistant City Attorney, Dov S. Lesel, Deputy City Attorney, Kane, Ballmer & Berkman, R. Bruce Tepper, Jr., Kathryn Reimann and John V. Leary for Defendants and Respondents.

OPINION

JOHNSON, J.—Appellants appeal from a judgment denying a peremptory writ of mandate compelling the City of Los Angeles and its community redevelopment agency to fund and consult with the project area committee in the implementation of the Hollywood Redevelopment Project. We ordered the appeals consolidated. For the reasons set forth, we affirm the judgment.

FACTS AND PROCEEDINGS BELOW

The Project Area Committee for the Hollywood Redevelopment Project (PAC) was formed pursuant to Health and Safety Code section 33385 et seq. and section 401 of the Hollywood Redevelopment Plan adopted by the Los Angeles City Council. The city's community redevelopment agency con-

sulted with PAC in preparation of the plan and for the first three years of its implementation.

In May 1989, the city council adopted a resolution by which it chose not to continue consultation with PAC. The effect of this resolution for all intents and purposes was to abolish the PAC. In June 1989, PAC filed a petition for writ of mandate in the superior court seeking to compel the city, through its redevelopment agency, to continue funding and consulting PAC in the implementation of the redevelopment project.

The trial court denied the writ and denied PAC's motion for a new trial. PAC filed a timely notice of appeal on August 7, 1990. On that same day, two strangers to the action, Donald Lippman (Lippman) and an organization called Endangered Property Owners of Hollywood (EPOH), sought to intervene in the action by filing a notice of intent to move for a new trial and to vacate the judgment. The trial court denied both motions after a hearing and Lippman and EPOH filed a timely notice of appeal. We ordered the appeals consolidated.

## I. Lippman and EPOH Are Not Parties to the Record and Therefore Lack Standing to Appeal the Judgment.

Following entry of judgment denying PAC's petition for a writ of mandate, Lippman and EPOH, who were not parties to the action, filed a notice of intent to move for a new trial and to vacate the judgment. The trial court denied both motions and Lippman and EPOH filed a notice of appeal from the order denying the motions and from the underlying judgment.[1]

A long line of cases has established a "nonstatutory" form of intervention whereby one who is legally aggrieved by a judgment may become a party to the record and obtain a right to appeal by moving to vacate the judgment pursuant to Code of Civil Procedure section 663. (See *County of Alameda* v. *Carleson, supra,* 5 Cal.3d 730, 736-737 and cases cited therein.)[2]

---

[1]The purported appeal from the order denying a new trial must be dismissed because it is not an appealable order. (*Rodriguez* v. *Barnett* (1959) 52 Cal.2d 154, 156 [338 P.2d 907].) Whether an appeal will lie from denial of a motion to vacate under Code of Civil Procedure section 663 is unclear after our Supreme Court's decision in *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 890 [151 Cal.Rptr. 285, 587 P.2d 1098]; see *Howard* v. *Lufkin* (1988) 206 Cal.App.3d 297, 302 [253 Cal.Rptr. 422]. We need not address that question here because the trial court's alleged error of law can be raised in an appeal from the underlying judgment. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 738 [97 Cal.Rptr. 385, 488 P.2d 953].)

[2]Under Code of Civil Procedure section 387, subdivision (a) an interested person may apply for permission to intervene in the action. The trial court has broad discretion to permit or deny such intervention. (5 Cal.3d at p. 736, fn. 4.)

■ This avenue, however, was not open to Lippman and EPOH because the same day they filed their motion to vacate the judgment, PAC filed its notice of appeal thereby depriving the court of jurisdiction to vacate its judgment. (*Takahashi* v. *Fish and Game Com.* (1947) 30 Cal.2d 719, 725 [185 P.2d 805] revd. on other grounds (1948) 334 U.S. 410 [92 L.Ed. 1478, 68 S.Ct. 1138]; *Weisenburg* v. *Molina* (1976) 58 Cal.App.3d 478, 484-486 [129 Cal.Rptr. 813].) Lippman and EPOH also moved for a new trial.

■ Although we have found no cases directly on point we see no reason why, if an aggrieved person can become a party to the record by moving to vacate the judgment, he or she cannot accomplish the same result by moving for a new trial under Code of Civil Procedure section 657. The advantage of such a procedure to the person aggrieved by a judgment is that, unlike the motion to vacate, the trial court does not lose jurisdiction to grant a motion for new trial when a notice of appeal is filed. (*Neff* v. *Ernst* (1957) 48 Cal.2d 628, 634 [311 P.2d 849].)[3] We note motions to vacate the judgment have much in common with motions for new trial.[4] Expanding nonstatutory intervention to include a motion for new trial eliminates the possibility a person who, by definition, must have an " ' "immediate, pecuniary, and substantial" ' "[5] interest in the judgment will be denied the right to appeal because of an event totally outside his or her control. (Cf. *Aries Dev. Co.* v. *California Coastal Zone Conservation Com.* (1975) 48 Cal.App.3d 534, 542 [122 Cal.Rptr. 315].)

■ Nevertheless, the attempt by Lippman and EPOH to become parties to this action fails because they have not shown their interest is " ' "immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*County of Alameda* v. *Carleson, supra,* 5 Cal.3d at p. 737, citation omitted.) The declaration filed by Lippman on behalf of himself and EPOH only shows Lippman resides and owns real estate and a business within the project area and that EPOH is an unincorporated association of property owners, business persons and residents within the project area.

---

[3]The rationale for this distinction is that a motion for a new trial is a "collateral matter" while a motion to vacate the judgment concerns "matters embraced" or "affected" by the judgment. (*Weisenburg* v. *Molina, supra,* 58 Cal.App.3d at p. 486; Code Civ. Proc., § 916.) While the logic of this rationale is questionable, see *Foggy* v. *Ralph F. Clark & Associates, Inc.* (1987) 192 Cal.App.3d 1204, 1210-1213 [238 Cal.Rptr. 130], we are bound by its result. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

[4]Motions to vacate and motions for new trial are meant to be made in the same time frame and considered together. They share the same purpose: to persuade the trial court to make a different order or judgment. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1080 [258 Cal.Rptr. 721].) Both motions, if granted, lead to the same result. (*Gonzales* v. *State of California* (1977) 68 Cal.App.3d 621, 632 [137 Cal.Rptr. 681].) Both motions may be based on the ground the facts do not support the decision. (Code Civ. Proc., § 663, subd. 1, § 657, subd. 6.)

[5](*County of Alameda* v. *Carleson, supra,* 5 Cal.3d at p. 737. [Citation omitted].)

While it may be assumed Lippman and the members of EPOH have some indirect interest in the continuation of an elected advisory committee in the project area, there is no showing Lippman, EPOH or its members will suffer any immediate environmental or economic injury by PAC's elimination. Although PAC is intended, in general, to represent the interests of residents, businesses and organizations in the project area there is no evidence PAC ever has or ever will represent the specific economic interests of Lippman or members of EPOH.

Lippman and EPOH argue their interest in enforcement of the redevelopment plan is enough to give them standing, citing the *Aries* case, *supra*. In *Aries*, the trial court entered a judgment requiring the Coastal Commission to exempt Aries from the commission's permit requirements. The Charleses, owners of property adjacent to Aries's proposed development, were allowed to enter the case by moving to vacate the judgment and to attack the judgment on appeal. The court remarked "[a]s property owners in the immediate vicinity of the proposed development, the Charleses have an interest in the enforcement of land use laws affecting the quality of the neighborhood." (48 Cal.App.3d at p. 541.) However, it was not the Charleses' general interest in land use regulations affecting the neighborhood which resulted in their being legally aggrieved by the judgment. Rather, as adjacent landowners, "they were injuriously affected by the judgment annulling the favorable Commission decision." (*Ibid.*) The Charleses' interest was immediate because, instead of having to apply for a permit which the commission might or might not grant, Aries was totally exempted from the permit requirement. (*Ibid.*)

We conclude, therefore, Lippman and EPOH did not become parties of record to the action below and consequently do not have standing to appeal from the judgment.

## II. The Redevelopment Plan Does Not Require the City to Continue PAC Beyond Three Years From the Adoption of the Plan.

 PAC contends the city has a duty to fund and consult it throughout the implementation of the redevelopment plan. (Implementation is expected to take approximately 30 years.) The city contends it had no duty to fund or consult with PAC beyond the three-year period required under Health and Safety Code section 33386.[6]

---

[6]Section 33386 provides:

"The redevelopment agency through its staff, consultants, and agency members shall, upon the direction of and approval of the legislative body consult with, and obtain the advice of, the

The parties agree Health and Safety Code section 33386 *mandates* consultation with PAC for a three-year period after adoption of the redevelopment plan and *permits* the city to extend such consultation on a year-to-year basis. The parties dispute whether, in adopting the Hollywood Redevelopment Plan, the city committed itself to continue consulting with PAC for the life of the project. Section 401 of the plan provides, in relevant part:

"To the maximum extent permitted by law, the activities of the Agency pertaining to implementation of this Redevelopment Plan including formulation of work programs shall be developed in consultation with the Project Area Committee."

The city reads the phrase "[t]o the maximum extent permitted by law" as applying only to the activities about which PAC must be consulted. PAC argues that because Health and Safety Code section 33386 "permits" the city to consult with PAC for the entire implementation period, the phrase "[t]o the maximum extent permitted by law" means the city must continue to consult with PAC for the entire implementation period. We find the city's interpretation of Hollywood Redevelopment Plan section 401 reflects its plain, unambiguous words and is consistent with the statutory scheme.

■ It is fundamental the interpretation of a statute (or ordinance) begins with a consideration of the plain meaning of the words used. (*People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1673 [264 Cal.Rptr. 298].) ■ The subject of the sentence at issue is "activities of the [redevelopment] Agency." There is no reference, express or implied, to the duration of PAC. All of the provisions of Hollywood Redevelopment Plan section 401 preceding the subject sentence relate to activities by the redevelopment agency, e.g., acquisition of real property; relocation assistance; demolition or removal of buildings. The plain meaning of the subject sentence is that the phrase "to the maximum extent permitted by law" modifies "activities of the Agency." Reauthorization of PAC beyond the initial three-year period is not an activity of the agency specified in the plan nor can it be inferred from the plan. Section 401 of the plan provides "in the implementation . . . of this Plan, the Agency is authorized to use all the powers provided in this Plan and all the powers to the extent now or hereafter permitted by law. . . ." The power to reauthorize PAC rests with the city council, not the redevelopment agency. (See Health & Saf. Code, § 33386, *supra.*)

project area committee concerning those policy matters which deal with the planning and provision of residential facilities or replacement housing for those to be displaced by project activities. The agency shall also consult with the committee on other policy matters which affect the residents of the project area. *The provisions of this section shall apply throughout the period of preparation of the redevelopment plan and for a three-year period after the adoption of the redevelopment plan, subject to one-year extensions by the legislative body."* (Italics added.)

PAC urges us to consider evidence of the legislative intent behind Hollywood Redevelopment Plan section 401. We have done so and find it no more supportive of PAC's interpretation than the language of the plan itself. That is, nothing in the legislative history suggests any commitment by the city to the duration of PAC beyond the mandatory three years.

## DISPOSITION

The appeals of Donald Lippman and the Endangered Property Owners of Hollywood are dismissed. The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J, concurred.