Filed 6/21/16  Kalvans v. Mizera CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARY ANN KALVANS, | H041055 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M92503) |
| v. | |
| NICHOLAS MIZERA et al. | |
| Defendants and Respondents. | |

In August 2015 this court upheld summary judgments in favor of several defendants in a lawsuit involving the purchase and financing of real estate by plaintiffs Mary Ann Kalvans and Craig Rambo.  Appellant Kalvans filed this appeal during the pendency of her earlier appeal, after the trial court dismissed the underlying case as to the remaining defendants for failure to prosecute.  This appeal encompasses that dismissal and an order imposing sanctions against plaintiffs.  Appellant persists in arguing that she was the victim of mortgage fraud and wrongful foreclosure, even though her grievances are beyond the scope of this appeal.  As we will explain, appellant has failed to demonstrate any trial court error as to the two orders under our review.  With a minor modification to the order dismissing the remaining defendants, we will affirm.

## I.  BACKGROUND

Plaintiffs purchased real estate in Bradley, California that was ultimately lost through foreclosure.  Plaintiffs sued several parties including the seller, lenders, title companies, and a foreclosure company.  Nearly all defendants moved for summary

judgment, and Kalvans appealed from several of those judgments in 2012. Kalvans failed to perfect an appeal against defendant Fidelity National Title Insurance Company, and the appeal against defendant Henrik Nielsen was dismissed as untimely. In 2015 we issued an unpublished opinion in *Kalvans v. Springleaf Financial Services, Inc.* (H038135, filed August 21, 2015) (*Kalvans I*) upholding judgments in favor of defendants American General Financial Services, Inc. (American General), Ted L. Pickett and Robbie J. Pickett, and All American Foreclosure Services.

In July 2013 plaintiffs moved to set aside summary judgment in favor of defendant Nielsen based on newly-discovered evidence of fraud and illegal conduct. That motion was denied orally by the trial court after hearing, followed by a written order entered September 20, 2013. On December 3, 2013, the trial court denied plaintiffs' motion to reconsider its September 20 ruling, and it ordered plaintiffs to pay Nielsen's attorney's fees ($1,250) under Code of Civil Procedure section 128.5, subdivision (a)[1] as a sanction for filing a frivolous motion. On May 14, 2014, the court issued an order clarifying that it had intended to order sanctions against plaintiffs and their attorney of record, and it ordered $1,250 in sanctions jointly and severally against plaintiffs and attorney Dale I. Gustin.

After issuing an order to show cause as to why the case should not be dismissed under Code of Civil Procedure section 583.310,[2] in March 2014 the trial court dismissed with prejudice all defendants who had not yet been dismissed or against whom a judgment had not been perfected. In an order filed April 8, 2014, the court identified those defendants as Nicholas F. Mizera, American General Financial Services, and

---

[1] Statutory references are to the Code of Civil Procedure.

[2] Section 583.310 requires that an action "be brought to trial within five years after the action is commenced against the defendant."

2

Donald Vaughn.  Kalvans filed a notice of appeal on May 12, 2014 from that dismissal and from "any Orders" entered after February 27, 2012.

## II.  DISCUSSION

**A.** **THE APRIL 2014 ORDER DISMISSING REMAINING DEFENDANTS**

### 1.  Defendant Mizera

Defendant Mizera, who sold the Bradley property to plaintiffs, was named in the initial complaint filed in July 2008.  Plaintiffs failed to bring their case to trial against Mizera within five years after July 2008.  Appellant argues that the case was stayed as to Mizera during the pendency of the *Kalvans I* appeals.  Appellant raised the same argument in a petition for a writ of supersedeas filed while the *Kalvans I* appeals were pending.  We rejected it then, and we again reject it.  Section 916, governing the stay of trial court proceedings during the pendency of an appeal, does not apply to "other matter embraced in the action and not affected by the judgment or order" being appealed.  Section 916 did not impose an automatic stay or divest the trial court of jurisdiction over Mizera.

Appellant argues that counsel for Neilsen and Pickett misrepresented to this court that the entire case had been dismissed in 2012 and that misrepresentation caused delay.  That claim is not supported by the record, and it provides no basis to reverse the 2014 dismissal.

### 2.  Defendant Vaughn

The January 2010 third amended complaint added causes of action related to a refinancing and foreclosure against new defendants Heritage Lending, Neilsen, Pickett, and All American Foreclosure.  The complaint also added Does 6 through 60.  In January 2012, plaintiffs substituted Donald Vaughn in place of Doe 6.  The record shows that Vaughn signed the deed of trust on the Neilsen/Pickett foreclosure as the authorized representative of All American Foreclosure.  Accordingly, for purposes of section

3

583.310's five-year prosecution window, it appears the action commenced against Vaughn in January 2010 with the filing of the third amended complaint. (*Gray v. Firthe* (1987) 194 Cal.App.3d 202, 209.)

Counsel for All American Foreclosure, Andrew W. Hays, filed a notice of automatic stay of plaintiffs' lawsuit with regard to Vaughn in the trial court in June 2012. The notice represented that defendant Vaughn had commenced bankruptcy proceedings in December 2009, that a prior notice of stay had been filed in May 2010 and set aside one month later because Vaughn at that time was not a party to the lawsuit,[3] and that the bankruptcy case was "still open." According to the trial court docket, no party filed a notice of termination of the stay noticed in 2012. (See Cal. Rules of Court, rule 3.650(d).)

Bankruptcy proceedings toll the section 583.310 time period as to a party in those proceedings. (*Santa Monica Hospital Medical Center v. Superior Court* (1988) 203 Cal.App.3d 1026, 1036.) We invited supplemental briefing to address whether the trial court erred by dismissing Vaughn from the lawsuit under section 583.310 in light of the automatic bankruptcy stay. All American Foreclosure filed a supplemental brief, but apparently counsel Hays has no recollection of filing the June 2012 notice of stay, or representing to the court at that time that Vaughn's bankruptcy case was "still open." Instead, All American Foreclosure references the 2010 one-month stay and argues that plaintiffs were not prejudiced by "any automatic stay." The supplemental brief asserts that Vaughn was a manager and member of All American Foreclosure, received his bankruptcy discharge in November 2010, and died in February 2015. The supplemental brief raises several reasons why plaintiffs' claims against Vaughn have been abandoned or resolved by the summary judgment in favor of All American Foreclosure.

_____

[3] The May 2010 notice of stay was filed on behalf of defendant "Donald Vaughn dba All American Foreclosure."

Appellant filed a supplemental brief acknowledging Vaughn's death and expressing her intention not to pursue any claims against his estate. We view appellant's supplemental brief as an abandonment of her claims against Vaughn. Accordingly, we will affirm the dismissal as to Vaughn. (*David v. Hermann* (2005) 129 Cal.App.4th 672, 685 [affirming on any applicable theory of law].)

### 3. Defendant American General

The trial court included American General in its April 2014 order dismissing defendants under section 583.310. That dismissal appears to have been in error. The March 2014 minute order indicated a dismissal of "all Defendants who have not yet been dismissed or against whom a Judgment has not been perfected." But judgment was entered on all causes of action as to American General in January 2012.[4] We will strike American General from the April 2014 order and affirm that order as modified. (§ 43 [appellate court may modify any order appealed from and direct proper order to be entered]; *City of Hollister v. Monterey Ins. Co*. (2008) 165 Cal.App.4th 455, 483 [modifying judgment to express trial court's plain intention].)

### B. JUDGMENTS REGARDING OTHER DEFENDANTS

Plaintiff argues that Neilsen, Pickett, All American Foreclosure Services, and others conspired to falsify documents and commit fraud and perjury regarding Neilsen's and Pickett's interest in the Bradley property, resulting in unlawful judgments. But the final judgments against those entities are not encompassed by this appeal. Like the American General judgment, the judgments in favor of All American Foreclosure and Pickett were affirmed by this court in *Kalvans I*, and the appeal from the final judgment against Neilsen was dismissed as untimely.

---

[4] We affirmed the judgment in favor of American General in *Kalvans I,* and any challenges by appellant to that judgment are not before us here.

5

Assuming the September 20, 2013 order denying plaintiff's motion to set aside judgment in favor of Neilsen is appealable,[5] we lack jurisdiction to review that order because the notice of appeal (filed May 12, 2014) was filed more than 60 days after September 20, 2013 and more than 30 days after entry of the December 3, 2013 order denying reconsideration. (§ 904.1, subd. (a)(2); Cal. Rules of Court, rules 8.104(a)(1)(A), (b), and 8.108(e).)

### C. TRIAL COURT SANCTIONS AGAINST PLAINTIFFS

This appeal is timely as to the December 3, 2013 order imposing sanctions against plaintiffs. (§ 904.1, subd. (b).) We affirm that order against appellant's challenge to the trial court's authority to act during the pendency of the *Kalvans I* appeals. Those appeals did not affect the trial court's authority or discretion to impose sanctions against plaintiffs for filing a frivolous motion to reconsider the denial of their belated motion to vacate the Nielsen summary judgment. Appellant has abandoned any other challenges to the sanctions order by failing to present argument or legal authority demonstrating trial court error. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)[6]

### III. DISPOSITION

American General is stricken from the April 8, 2014 order dismissing defendants. As modified, the order is affirmed.

The December 3, 2013 order imposing sanctions is affirmed.

---

[5] See *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008 (order denying motion under section 473, subdivision (d) appealable because issues different from those arising from appeal from the judgment); *Howard v. Lufkin* (1988) 206 Cal.App.3d 297, 300–301 (denial of section 663 motion is appealable per *Socol v. King* (1949) 34 Cal.2d 292, 296–297); but see *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 890 (order denying section 663 motion is not appealable).

[6] We are unaware of any other appealable orders encompassed by the May 12, 2014 notice of appeal.

Defendants are entitled to their costs on appeal.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, Acting P.J.

_____

Márquez, J.