Filed 10/7/25  Wong v. Glendale Adventist Medical Center CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GREGORY WONG, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> GLENDALE ADVENTIST MEDICAL CENTER et al., <br><br>     Defendants and Respondents. | B330318 <br><br> (Los Angeles County Super. Ct. No. 21STCV47548) |
| GREGORY WONG, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, <br><br>     Defendant and Respondent. | B331504 |

| | |
|---|---|
| GREGORY WONG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BURBANK HEALTHCARE &<br>REHABILITATION CENTER,<br><br>    Defendant and<br>    Respondent. | B338601 |

    APPEALS from an order and judgments of the Superior Court of Los Angeles County, Douglas W. Stern, Judge. Affirmed.

    Tamer Law and Steven Michael Tamer for Plaintiff and Appellant.

    Cole Pedroza, Kenneth R. Pedroza and Nathan J. Novak for Defendant and Respondent Glendale Adventist Medical Center.

    R.J. Ryan Law, Richard J. Ryan and Marshall J. Shepardson for Defendant and Respondent Jilbert D. Issai.

    Rob Bonta, Attorney General, Iveta Ovsepyan, Assistant Attorney General, Elizabeth S. Angres, and Haiyang A. Li, Deputy Attorneys General, for Defendant and Respondent California Department of Public Health.

    Clark Hill, Richard H. Nakamura Jr. and Marc Katz for Defendant and Respondent Burbank Healthcare & Rehabilitation Center.

_____

These three appeals stem from one lawsuit (the fourth such suit) based on the death of Gregory Wong's aunt, Cecilia Hoh, in August 2011.  The trial court dismissed Wong's complaint alleging various tort claims against (1) Jilbert D. Issai and Kin C. Wong, the doctors who treated Hoh before her death; (2) Glendale Adventist Medical Center (Glendale Adventist), the hospital where she died; (3) Burbank Healthcare & Rehabilitation Center (Burbank Healthcare), a facility Hoh stayed at for six days in July 2011; and (4) the California Department of Public Health (the Department).

In the first appeal (B330318), Wong challenges the trial court's order denying his motion to vacate the court's prior orders declaring him a vexatious litigant and dismissing his case against Issai and Glendale Adventist.  In his second appeal (B331504), Wong challenges the judgment entered after the court sustained the Department's demurrer without leave to amend.  In the third appeal (B338601) from the judgment in Burbank Healthcare's favor after Burbank Healthcare successfully demurred, Wong focuses solely on the vexatious litigant designation—a ruling unrelated to the grounds for sustaining the Burbank Healthcare's demurrer.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Wong's Past Lawsuits*
Before filing this case, Wong filed several other lawsuits relating to Hoh's 2011 death.

1.    *Case No. 1 (state court)*
In August 2013 Wong and his sister Mabel Hoh, represented by counsel, filed a wrongful death and fraud action

3

against Glendale Adventist, Issai, and Dr. Wong,[1] Los Angeles County Superior Court case No. BC519258 (Case No. 1). After the trial court sustained several demurrers, the plaintiffs filed a third amended complaint alleging fraud and elder abuse.

According to that complaint, after Hoh was admitted to Glendale Adventist for swelling in her foot on August 21, 2011, Issai and Dr. Wong failed to perform the proper diagnostic tests and administered a sleeping pill that caused her to slip into a coma. The doctors misrepresented to Hoh's family that she had terminal lung cancer (despite knowing the tumor was benign) and, after learning she had an advance directive, ceased both curative and palliative treatment and assigned her to hospice. Based on the misrepresentation that Hoh had a terminal, incurable condition, the defendants obtained the plaintiffs' consent to remove Hoh's breathing tube. The withholding of palliative care subjected Hoh to "virtual torture" until she passed away on August 27, 2011 at the age of 89. The defendants also attempted to take Hoh's property by overcharging her for unnecessary medical services.

The trial court sustained demurrers to the third amended complaint without leave to amend, concluding the claims were time-barred and inadequately pleaded. Division Eight of this court affirmed. (*Wong v. Glendale Adventist Medical Center* (March 7, 2018, B270492) [nonpub. opn.1] p. 17.) The Supreme Court denied review in May 2018.

---

[1] We refer to Kin C. Wong as Dr. Wong to distinguish Dr. Wong from appellant Gregory Wong. Dr. Wong is not a party on appeal, and it appears Dr. Wong was never served with the complaint.

4

### 2. *Federal district court case*

Several months later, Wong, representing himself, filed a new action in the United States District Court for the Central District of California—again against Glendale Adventist, Issai, and Dr. Wong—alleging elder abuse, medical battery, financial elder abuse, and wrongful death.  (See *Wong v. Glendale Adventist Medical Center* (C.D. Cal., Aug. 10, 2018, No. CV 18-6354 PA (AGRx)) 2018 WL 6356076.)  The federal complaint, like its state counterpart, alleged the doctors caused Hoh's death and then attempted to conceal their involvement.  (*Id.* at p. *1.)  In August 2018, the district court dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, which "bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.' "  (*Id.* at pp. *2-3.)

### 3. *Case No. 2 (state court)*

In December 2019 Wong, again self-represented, filed a new lawsuit against Glendale Adventist, Issai, Dr. Wong, and, for the first time, Burbank Healthcare.  (*Wong v. Glendale Adventist Medical Center, et al.*, Los Angeles County Superior Court case No. 19STCV46742 (Case No. 2).)  The complaint asserted claims for fraud, violations of the Confidentiality of Medical Information Act (CMIA) and Health Insurance Portability and Accountability Act (HIPAA), medical battery, elder abuse, wrongful death, and "the consistent government agency's involvement of covering up the misconducts of the hospital ever since 2012."  In October 2020, Wong filed an amended complaint adding several unconventional claims, including "crimes involving moral turpitude," "bad faith in healthcare," "violation of CACI 515 – duty of hospital with failure to provide safe environment,"

5

"unlawful killing of an elderly," "special punitive damages under section code 425.14 against a religious entity," "probate law violation," and forgery. The same month, he also added the Department as a defendant, asserting additional claims under title 42 United States Code section 1983 (42 U.S.C. § 1983), including alleged violations of due process and obstruction of justice, along with causes of action for misrepresentation, concealment, and fraud.

Wong repeated the same core allegations from his prior cases and added that he had discovered the advance directive relied upon by the defendants had been signed by Hoh's nephew-in-law, not Hoh herself. He claimed Burbank Healthcare faxed the directive to Glendale Adventist without authorization, in violation of the CMIA and HIPAA. He also asserted that Hoh's 1994 living will, upon which defendants had relied, had expired in 1999 under Health and Safety Code section 7187, subdivision (c). Wong further alleged that he filed complaints with the Department from 2012 to 2018 about Hoh's death but that the Department refused to investigate and instead engaged in a multi-year cover-up.

After Wong amended the complaint following the court's sustaining of a demurrer with leave to amend, the court (Judge Anthony Mohr) sustained all the defendants' demurrers without leave to amend on February 8, 2021.[2] As to Issai, Dr. Wong, Glendale Adventist, and Burbank Healthcare, the court found the

---

[2] Glendale Adventist's request for judicial notice of documents filed in Case No. 2 is granted. (See Evid. Code, § 452, subds. (d) & (h); *Martin v. Gladstone* (2023) 96 Cal.App.5th 681, 689, fn. 7.)

6

complaint barred by the doctrine of res judicata[3] and the pertinent statutes of limitation, and described Wong's pleading as "confusing" and "rambling," with many claims that were not legally cognizable. It sustained the Department's demurrer based on Wong's failure to timely comply with the Government Claims Act and to allege a valid statutory basis for liability against a public entity. The court also determined Wong's purported civil rights claims against the Department were "barred by the statute of limitations, confusing and nonsensical."

Judge Mohr entered separate judgments in favor of Glendale Adventist on February 11, 2021; the Department on March 2; and Burbank Healthcare on March 4. Following reassignment of the case to Judge Maurice Leiter, Judge Leiter entered amended judgments on March 29, 2021 awarding costs to Dr. Issai and to the Department.

Wong did not appeal from the judgment in Case No. 2.

B. *The Current Case, the Vexatious Litigant Orders, and the Dismissals*

In December 2021 Wong filed the instant lawsuit, asserting causes of action against Glendale Adventist, Issai,[4] Dr. Wong, Burbank Healthcare, and the Department for fraud, medical

---

[3]     The term res judicata can refer to claim preclusion (preventing relitigation of the same cause of action in a second suit between the same parties or parties in privity with them) or issue preclusion (preventing relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action). (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.)

[4]     Issai passed away in September 2023.

7

battery, elder abuse, violations of 42 U.S.C. § 1983, and violations of the CMIA and HIPAA. In February 2022, Wong filed an amended complaint that repeated the same core allegations from Case No. 2. He again claimed that Hoh received inadequate care, that the defendants relied on an invalid advance directive and expired living will, that Burbank Healthcare improperly transmitted the directive in violation of the CMIA and HIPAA, and that the defendants then concealed their wrongdoing. He further alleged the Department violated 42 U.S.C. § 1983 by depriving him of liberty under the Fourteenth Amendment, due process, and his right to petition the courts. He also asserted the Department violated Government Code section 9149.22, which provides the "Definitions" for the Whistleblower Protection Act and defines "improper governmental activity." Wong added that the "dismissal judgments" in his earlier lawsuits were "unauthorized" and violated his right to due process.

1. *Vexatious litigant orders, dismissals of Issai and Glendale Adventist, and Wong's motion to vacate*

In February 2022 Issai moved to have Wong declared a vexatious litigant under Code of Civil Procedure section 391[5] and requested Wong furnish security under section 391.1. Glendale Adventist likewise moved to have Wong declared a vexatious litigant.

The court (Judge Wesley Hsu) heard Issai's motion first and, in June 2022, granted it. The court concluded, "This current matter is the third case in Los Angeles Superior Court involving the same underlying matter (the death of Ms. Hoh) and the

---

[5] Undesignated statutory references are to the Code of Civil Procedure.

8

Moving Defendant [Issai]. Case 1 was previously litigated and resolved with the Court of Appeal. Case 2 was also litigated with no appellate relief. Here, Case 3 attempts to litigate the same matter against Moving Defendant." The court rejected Wong's argument that the "case is different because it alleges 'extrinsic fraud' related to the alleged expiration of the decedent's living will and a HIPAA violation as to 'both the Glendal hospital and the Burbank facility' "; the court found both Case No. 1 and Case No. 2 alleged fraud and Case No. 2 "specifically adjudicated" Wong's claims regarding the living will. It held Wong's claims were likely barred by the doctrines of claim preclusion and issue preclusion and by the statutes of limitations. The court found Wong to be a vexatious litigant under section 391, subdivision (b)(2), which provides that someone may be deemed a vexatious litigant if, "[a]fter a litigation has been finally determined against the person, [he] repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." The court ordered Wong to post a $30,000 bond under section 391.1.

In September 2022 the court granted Glendale Adventist's motion on the same grounds. The court determined this was Wong's third attempt to litigate the same matter against Glendale Adventist in state court. It ordered Wong to post an additional $30,000 bond within 30 days.

9

Wong failed to post either bond. In December 2022 the court dismissed the case against Issai and Glendale Adventist with prejudice under section 391.4, which provides that "[w]hen security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished."

In March 2023 Wong moved to vacate the vexatious litigant orders and dismissals under sections 473, subdivision (d) (to set aside the orders as void), and 663 (to vacate the judgment and enter a new judgment). He argued he had not filed five prior lawsuits[6] and asserted his new lawsuit was based on claims of fraud that were "partially revealed in 2018" and not part of Case No. 1. He also contended Case No. 2 had not been "finally determined" because Issai and other defendants had filed unauthorized judgments containing "with prejudice" language that Judge Mohr had not approved. Wong argued Judge Mohr, who had retired by the time he signed the dismissal orders in March 2021, lacked jurisdiction and "plenary judicial power to sign any orders." (Emphasis omitted.) He reasoned the 2021 judgments were therefore void and could not support the court's finding of claim preclusion in this case. Lastly, Wong asserted there were irregularities that prevented him from getting fair

---

6    Although it was not the basis on which the trial court relied to find Wong to be a vexatious litigant, one of the bases for declaring a litigant to be vexatious is that they have, "[i]n the immediately preceding seven-year period," "commenced . . . in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd. (b)(1).)

10

hearings "[b]ecause of the unrelenting misleading and obfuscating influences in bad faith from both" Glendale Adventist and Issai.

On April 21, 2023, the court (Judge Douglas W. Stern) denied Wong's motion. It observed, "Once again, Plaintiff is attempting to have the Court vacate (reconsider) the ruling that he is a vexatious litigant. Plaintiff has repeated the arguments he previously made that he is not a vexatious litigant. It appears that he is also asking the Court to reconsider the dismissal of Defendant Dr. Issai from December 2022." The court held section 473, subdivision (d), was inapplicable because there were no clerical errors or void judgments, and that Wong's section 663 motion was untimely as Wong filed it more than 15 days after the December 2022 dismissal.

Wong timely appealed the order denying his motion to vacate. (See *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009 ["order denying [appellant's] motion to set aside the judgment under . . . section 473, subdivision (d) is appealable"]; *Howard v. Lufkin* (1988) 206 Cal.App.3d 297, 303 ["denial of a statutory motion to vacate judgment [under section 663] is an appealable order"].)

2.      *The Department's demurrer*

In May 2023 the Department demurred to Wong's amended complaint, arguing that his fraud claims based on his aunt's death were identical to those previously dismissed in Case No. 2 and therefore barred by the doctrine of res judicata. The Department also contended the fraud allegations lacked the specificity required to state a claim. It further asserted that Wong's 42 U.S.C. § 1983 claim failed because the Department was not a proper defendant under that statute, and that

11

Government Code section 9149.22 did not establish a basis for liability.

The court sustained the Department's demurrer without leave to amend and dismissed the complaint against the Department.  It determined Wong's fraud claim was barred by the doctrine of claim preclusion because Wong was attempting to relitigate the same cause of action for fraud alleged in Case No. 2.  Wong's 42 U.S.C. § 1983 claim failed because the Department was not an individual subject to liability under that statute.  Further, Wong had not sufficiently alleged the required elements: (1) a violation of a right secured by the Constitution or federal law, and (2) that the violation was committed by a person acting under color of state law.  Finally, Government Code section 9149.22—part of the Whistleblower Protection Act's definitions provision—did not provide a statutory basis for liability.

Wong timely appealed from the judgment entered in favor of the Department on June 20, 2023.

3. *Burbank Healthcare's demurrer, Wong's motion for reconsideration of the dismissal of Burbank Healthcare, and Wong's motion to vacate the orders granting Burbank Healthcare and the Department's demurrers*

In February 2023 Burbank Healthcare demurred on the grounds that Wong's claims were barred by the doctrines of claim and issue preclusion, and by the statutes of limitations.  It also argued Wong lacked standing and failed to plead sufficient facts

12

to support claims of extrinsic fraud or violations of the CMIA and HIPAA.[7]

In March 2023 the court sustained Burbank Healthcare's demurrer without leave to amend. It concluded Wong's claims for fraud and HIPAA violations mirrored those in Case No. 2, which had already been adjudicated. The court also determined Wong's causes of action were time-barred.

After unsuccessfully moving for reconsideration of the order sustaining Burbank Healthcare's demurrer, in July 2023 Wong moved under sections 473, subdivision (d), and 663 to vacate the trial court's orders sustaining the demurrers filed by Burbank Healthcare and the Department. He argued he had not received notice of the court's order granting the Department's demurrer and claimed Burbank Healthcare did not serve notice of the June 8, 2023 order denying his motion for reconsideration until June 14, 2023. Wong also claimed the Department's demurrer was untimely, noting he filed his complaint in February 2022, but the Department did not demur until May 2023. He further asserted that, at a March 20, 2023 hearing, the trial court told the parties "that the Plaintiff's 2021 case against Defendant [the Department] will directly go to the trial, meaning there would be no interruptions." As in prior filings, Wong again argued that Case No. 2 had never been finally adjudicated due to alleged "fraud on the court."

---

[7]     Burbank Healthcare's motion to augment the record is granted. (See Cal. Rules of Court, rule 8.155(a)(1)(A); *Greisman v. FCA US, LLC* (2024) 103 Cal.App.5th 1310, 1319, fn. 2 [augmenting the record to include documents that were " 'on file or lodged with the superior court' "].)

13

In August 2023 the court denied Wong's motion to vacate. On May 1, 2024, the court (Judge Stephen Pfahler) entered judgment in favor of Burbank Healthcare. Wong timely appealed from that judgment.[8]

**DISCUSSION**

A.    *Wong Has Attached Improper Declarations to His Briefs and Forfeited His Arguments on Appeal*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; accord, *Kaushansky v. Stonecroft Attorneys, APC* (2025) 109 Cal.App.5th 788, 799.) The appellant carries "the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656; accord, *Jameson*, at p. 609.)

Wong's opening briefs in his first two appeals, filed by counsel, are just over five and seven pages long, respectively. Attached to each are declarations by Wong—31 and 17 pages long, respectively—making factual allegations about his aunt's

---

[8]    As discussed, the court had already entered judgment in favor of the Department on June 20, 2023, and Wong appealed from that judgment. Wong does not separately appeal from the August 2023 order denying his motions under sections 473, subdivision (d), and 663 to vacate the order sustaining the Department's demurrer.)

14

2011 death and the alleged concealment of the defendants' wrongdoing.[9]  These declarations also include legal citations and argument.

Wong's counsel may not act as a "proxy" or "puppet" for Wong "instead of [a] 'neutral assessor[] of his claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters.' " (*Kinney v. Clark* (2017) 12 Cal.App.5th 724, 729, 738.) Wong's declaration appears to be an effort to raise his own legal arguments in addition to those raised by his counsel.  We do not consider Wong's declaration and address only the arguments in his opening brief.  (See Cal. Rules of Court, rule 8.204 [specifying the contents and form of appellate briefs].)

---

[9]     Wong's declarations contain facts not presented to the trial court, despite the well-established rule we may not consider such evidence.  (See Cal. Rules of Court, rule 8.204(a)(2)(C); *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1102 ["Ordinarily, appellate courts review a trial court's judgment based on the record as it existed when the trial court ruled."]; *Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8 [" 'Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs.' "].)  Even where Wong references facts he *did* present to the trial court, he does not provide record citations.  (See *Princess Cruise Lines, Ltd. v. Superior Court* (2009) 179 Cal.App.4th 36, 45 ["Statements of facts not supported by references to the record may be disregarded as a violation of rule 8.204(a)(1)(C) of the California Rules of Court."].)  Relatedly, his counsel's brief in the second appeal includes virtually no record citations.

B.     *The Trial Court Properly Denied Wong's Motion To Vacate the Vexatious Litigant Orders and Dismissals of Issai and Glendale Adventist*

In his first appeal (B330318), Wong argues the trial court erred in denying his motion under section 473, subdivision (d), and section 663 to vacate the court's orders declaring him a vexatious litigant and dismissing his claims against Issai and Glendale Adventist after he failed to post the required security. His contentions are meritless.

Under section 473, subsection (d), a trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order." A judgment or order is void if the issuing court lacked subject matter jurisdiction or jurisdiction over the parties, or if it granted relief it had no power to grant. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339 [" ' "an act beyond a court's jurisdiction in the fundamental sense is null and void" *ab initio*' "]; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 ["When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void"]; *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233-234 [comparing void orders, where court had no fundamental jurisdiction, with voidable orders, where court acted in excess of its jurisdiction]; *Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691.) "When reviewing an order denying relief under section 473, subdivision (d), we consider de novo whether the judgment is void and, if it is, determine whether the trial court abused its discretion in deciding not to set it aside." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 12; see *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020-1021.)

16

Wong fails to demonstrate that the court erred in denying his motion to vacate the orders under section 473, subdivision (d). He argues, "[I]t is clear . . . that the court denied Appellant's motion largely due to its faulty determination that Appellant is a vexatious litigant. Therefore, either under § 473(d) or § 663, the trial court erred because its determination was made on an incorrect legal basis." But an "incorrect legal basis" is not a ground for relief under section 473, subdivision (d). That statute authorizes relief only for a clerical error or if the challenged judgment or order is void. (See § 473, subd. (d); *Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at p. 1020 ["the trial court 'has no statutory power under section 473, subdivision (d) to set aside a judgment [or order] that is not void' "].) Thus, even if the determination that Wong was a vexatious litigant was legally flawed, it would not warrant relief under section 473, subdivision (d).

Despite repeatedly using the phrase "void judgment," Wong has not identified any defect in the court's "fundamental authority over the subject matter, question presented, or party, making its judgment void." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.) Because none of Wong's arguments shows a lack of jurisdiction or clerical error, the trial court correctly denied his motion to vacate the vexatious litigant designations and the dismissals of Issai and Glendale Adventist under section 473, subdivision (d).

Nor does section 633 provide an avenue of relief for Wong. Section 663 permits a court to vacate a judgment and enter "another and different judgment" due to an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts." (*Id.*, subd. (1); see *Hearn v. Howard*

17

(2009) 177 Cal.App.4th 1193, 1207; accord, *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575, disapproved on other grounds in *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 135, fn. 3.) "Because the relief [Wong] sought would not involve the entry of a different judgment but instead would allow [him] to file further pleadings, [Wong] stated no valid grounds for relief under section 663." (*Hearn*, at p. 1207; accord, *Payne*, at p. 1575 [section 663 was not proper vehicle where appellant sought to have court vacate its prior ruling sustaining a demurrer; "the relief sought would not involve the entry of a different judgment but would merely allow [appellant] to file further pleadings"].) Wong's section 663 motion was thus "procedurally infirm" and properly denied.[10] (*Hearn*, at p. 1207.)

C. *Wong Has Not Shown the Court Erred in Sustaining the Department's Demurrer*

Wong's second appeal (B331504) challenges the trial court's order sustaining the Department's demurrer without leave to amend. We independently review the trial court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; *T.H. v. Novartis Pharmaceuticals Corp*. (2017) 4 Cal.5th 145, 162.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has properly been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; accord,

---

[10] Because Wong's motion under 663 was improper, we need not reach whether it was untimely. (See § 663a, subd. (a)(2).)

*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Wong argues the demurrer was improperly granted in part based on res judicata grounds (the court [Judge Mohr] having determined Wong's fraud claim had already been litigated in Case No. 2). Wong contends that because Case No. 2 was transferred from Judge Mohr to Judge Leiter on February 17, 2021, Judge Mohr "had no jurisdictional authority over [Case No. 2] when he signed the judgment sustaining the demurrer on March 2, 2021, and the subsequent judgment dismissing the action with prejudice on March 4, 2021. These judgments are wholly void as a result of his lack of authority." But these rulings are not at issue in this appeal. The March 4 judgment related to Burbank Healthcare, which this court dismissed as a party from this appeal. The operative judgment for the Department from Case No. 2 is the amended judgment signed on March 29, 2021, by Judge Leiter, after the case was reassigned to him. Judge Mohr had sustained the Department's demurrer in Case No. 2 without leave to amend on February 8, 2021, when the case was still assigned to him, and then Judge Leiter entered an amended judgment in favor of the Department on March 29, 2021, after he was assigned the case. The trial court in the instant case properly relied on the amended judgment in Case No. 2 to find Wong's causes of action against the Department were barred by claim preclusion principles.

Wong next asks this court to grant him "equitable relief" based on alleged "irregularities" caused by the Department. He contends the Department's May 2023 demurrer was untimely because his amended complaint had been filed more than a year

19

earlier, on February 28, 2022.[11]  He also claims that on March 20, 2023, the court "specifically informed the parties the case against Defendant [the Department] will directly go to the trial, without interruptions."  But Wong cites no legal authority permitting such equitable relief on appeal.  He has forfeited these arguments.  (See *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 641 [failure to provide supporting citations to authority forfeits a contention].)  In sum, Wong has failed to show any error—legal or procedural—in the court's ruling on the Department's demurrer.

D.      *Wong Forfeited Any Challenge to the Order Sustaining Burbank Healthcare's Demurrer*

Wong's third appeal (B338601) challenges the May 1, 2024 judgment in favor of Burbank Healthcare following the court's order sustaining the demurrer filed by Burbank Healthcare.

Wong's sole argument on appeal is that the trial court erred in designating him a vexatious litigant and that, under section 473, subdivision (d), all subsequent rulings based on that designation must be reversed.  But Burbank Healthcare did not join in the motion to declare Wong a vexatious litigant.  It

_____

[11]      Of course, the deadline to file a demurrer is triggered not by the filing of a complaint, but by service on the defendant.  (See § 430.40, subd. (a) [a party must file a demur to a complaint "within 30 days after service of the complaint"]; *Santa Ana Police Officers Assn. v. City of Santa Ana* (2025) 109 Cal.App.5th 296, 305.)  Wong fails to point to evidence in the record showing when he served the complaint on the Department.

separately demurred on different grounds not challenged on appeal by Wong. Because Wong offers no coherent argument as to how the trial court erred in sustaining Burbank Healthcare's demurrer on the grounds asserted therein, he has failed to demonstrate reversible error.

## DISPOSITION

We affirm the court's (1) April 21, 2023 order denying Wong's motion to vacate the vexatious litigant orders and orders of dismissal as to Issai and Glendale Adventist, (2) the June 20, 2023 judgment entered following the court's order sustaining the Department's demurrer without leave to amend, and (3) the May 1, 2024 judgment in favor of Burbank Healthcare. The motion to dismiss filed by Glendale Adventist is denied. Issai, Glendale Adventist, the Department, and Burbank Healthcare are to recover their costs on appeal.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

21